The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Donald J. LOUDEN, Respondent.

No. 56256.

Supreme Court of Iowa.

July 3, 1973.

Hedo M. Zacherle and Lee H. Gaudineer, Des Moines, for complainant.

Donald J. Louden, pro se.

REYNOLDSON, Justice.

This matter arrives here upon our Grievance Commission's report that respondent violated chapter 610, The Code, and canons of professional ethics, and its recommendation he be suspended from law practice for six months.

The complaint was lodged by the Iowa State Bar Association Committee on Professional Ethics and Conduct. The Commission conducted a full hearing, at which respondent was present and represented by counsel. Respondent pro se filed exceptions to the Commission's report and recommendation, but failed to file the brief required by our rule 118. Upon this default, complainant filed motion to dismiss appeal. At a subsequent hearing before this court respondent acquiesced in the dismissal, and the matter is now postured for disposition.

Our de novo review of the full record before us confirms respondent plead guilty to and was convicted of the offenses of failing to file federal income tax returns for the years 1967 and 1968. 26 U.S.C. § 7203. We also find he violated the law of Iowa by willfully failing to file Iowa income tax returns for those years.

We further find by this conduct respondent violated both the canons of professional ethics then in force pursuant to our rule 119, and § 610.24, The Code. Respondent has thus been guilty of professional misconduct.

The court further takes into consideration, as did the Commission, the mitigating circumstances that this respondent fully cooperated with Internal Revenue Service in determining his tax liability and cooperated through his attorney in effecting an orderly and effective Commission hearing in this proceeding.

The court finds respondent has been conducting a general practice of law at Grinnell, Iowa, which practice has included examination of abstracts, consummation of real estate transactions, preparation of deeds, buy and sell agreements, contracts, wills and tax returns.

The misconduct of respondent establishes he should be suspended from the practice of law in Iowa for a period of six months from July 20, 1973, and it is so ordered.

It is specifically ordered that respondent's suspension shall apply to and include all facets of his law practice including but not limited to examination of abstracts, consummation of real estate transactions, and preparation of deeds, buy and sell agreements, contracts, wills and tax returns. Upon respondent's application for reinstatement he shall not only furnish this court satisfactory proof he is then of good moral character and in all other ways worthy to practice law, as required by our rule 118, but shall also prove he has not practiced law or performed any of the aforesaid services during the period of this suspension.

All Justices concur.