The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Donald W. SYLVESTER, Respondent.

No. 57378.

Supreme Court of Iowa.

Sept. 18, 1974.

Lee H. Gaudineer, Jr., and Hedo M. Zacherle, Des Moines, for complainant.

Paul J. Yaneff, Sioux City, for respondent.

HARRIS, Justice.

This is a disciplinary proceeding in which the grievance commission found respondent violated the canons of professional ethics, the Iowa Code of Professional Responsibility for Lawyers, and chapter 610, The Code. All material facts are undisputed. Respondent willfully and knowingly failed to file Iowa income tax returns for 1970 and 1971. He also failed, he claims unknowingly, to file a return for 1969.

These failures followed earlier failures to pay state income taxes. Respondent filed state returns for 1966, 1967 and 1968 but did not remit the taxes. Upon being pressed by state tax officials he paid the amount due. The first of the three returns not filed (the return for 1969) was due about six weeks after that payment.

Three indictments, one for each year, were returned against respondent by the Woodbury county grand jury for willful failure to file state income tax returns. Such failure is an indictable misdemeanor under section 422.25(5), The Code. Respondent entered a plea of guilty in the case charging him for such failure for the year 1969. The other two charges were dismissed.

■ We find this conduct was a violation of the canons of professional ethics, enforced pursuant to our rule 119. Committee on Professional Ethics & Con. v. Louden, 209 N.W.2d 359 (Iowa 1973). We view the failure to file state returns as *misconduct identical to that involved when* federal returns are not filed.

Respondent urges certain matters in mitigation. They must be considered in the light of the fundamental aim of a disciplinary proceeding. We have previously approved the following:

" ' * * * *The question is not what punishment may the offense warrant, but what does it require as a penalty to the offender, as a deterrent to others, and as an indication to laymen that the courts will maintain the ethics of the profession.* * * * *.' "* In re Disbarment of DeCaro, 220 Iowa 176, 184, 262 N.W. 132, 136; Iowa State Bar Assn. Com. v. Kraschel, 260 Iowa 187, 199, 148 N.W.2d 621, 629. (Emphasis in original.)

■ It is urged respondent has in fact paid the taxes with penalties and interest. This cannot be considered in mitigation for it was nothing more than required of any citizen.

It is urged respondent is somehow less culpable because he was aware his failure would be discovered. It may be discovery of respondent's failure to file state returns would be accelerated by the fact he did file federal returns. But it is absurd to suggest any mitigation thereby appears. It

would be more logical to suggest defendant's failure to file was an attempt to delay meeting his obligation to pay, in view of his prior experiences in filing but not remitting.

■ Respondent argues we should consider in mitigation his mistaken belief the state revenue department had a policy of nonenforcement of § 422.25(5). However respondent entered a plea of guilty under that section of willful refusal to file. The argument suffers a compounded failure on the facts. It does not appear the department of revenue has such a policy. Because of the plea it does not appear respondent believed it did.

■ The record contains several references to the fact respondent, during the period involved, had a drinking problem. He denies he was or is an alcoholic. Significantly it appears his drinking problem is now controlled. Alcoholism can of course affect an attorney's fitness to practice law. However we do not believe, under the circumstances in this case, it should affect in any way the duration of suspension, either in aggravation or mitigation.

■ Finally respondent argues we should consider in mitigation the fact he co-operated with tax officials and made full disclosure to them after his failure was discovered. We agree such a full disclosure might be considered in mitigation if it had occurred before investigation of him was underway. In re Burrus, 364 Mo. 22, 258 S.W.2d 625. Where, as here, disclosure occurs after the tax investigation has begun, it is too late to be considered in mitigation.

■ Upon our de novo review we find it established respondent should be suspended from the practice of law in Iowa. During such suspension it is specifically ordered respondent shall refrain from all facets of his law practice, including but

not limited to examination of abstracts, consummation of real estate transactions, preparation of deeds, buy and sell agreements, contracts, wills and tax returns as well as any court appearance or counseling clients with regard to same.

Respondent's suspension shall commence October 1, 1974. He may apply for reinstatement no sooner than six months after the date of suspension. Upon application for reinstatement he shall furnish satisfactory proof he is then of good moral character and in all other ways worthy to practice law as required by our rule 118. He shall also prove he has not practiced law or performed any of the aforesaid services during the period of this suspension.

All Justices concur.