**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Daniel C. GALVIN, Respondent.**

**No. 57666.**

Supreme Court of Iowa.

Nov. 13, 1974.

Hedo M. Zacherle and Lee H. Gaudineer, Des Moines, for complainant.

Daniel C. Galvin, pro se.

REYNOLDSON, Justice.

Before us is a report of the grievance commission filed here September 30, 1974, concerning a disciplinary hearing accorded respondent on April 25, 1974. The commission found respondent had failed to file federal and state income tax returns, concluded he had violated federal and state criminal laws and the Iowa Code of Professional Responsibility for Lawyers, and recommended he be suspended from the practice of law in Iowa for nine months. Respondent has not filed exceptions to the report within the 20 days provided in Supreme Court Rule 118. The matter is thus postured for disposition by this court.

I. Respondent willfully failed to make and timely file federal income tax returns for calendar years 1966 and 1968 although his gross income for those years was sufficient to require him to file. He also willfully failed to timely file Iowa income tax returns for calendar years 1967 through 1971 although his income for each of those years exceeded the amount which triggered the filing requirement. He is guilty of violating the criminal provisions of 26 U.S.C. § 7203 and § 422.25(5), The Code. This misconduct is also in violation of DR 1–102(A)(1), (4) and (5), Iowa Code of Professional Responsibility for Lawyers.

II. Respondent submits in mitigation that while he knowingly and willfully violated the above penal laws, he voluntarily disclosed his failure to file these returns prior to the institution of any audit or other inquiry by federal or state agents. In making a decision we have weighed this in the balance along with other criteria, including the fact this respondent, as a part of his general law practice, prepared from 30 to 80 income tax returns for clients each year.

III. In two recent decisions we have thoroughly discussed our view of the principles and ethical considerations applicable in these situations. Committee on Pro. Ethics and Conduct v. Sylvester, 221 N.W.2d 803 (Iowa 1974); Committee on Prof. E. & C. of Ia. St. Bar Ass'n v. Bromwell, 221 N.W.2d 777 (Iowa 1974). These opinions were not available to the grievance commission when its hearing was held or when its report was filed.

IV. It is ordered respondent be suspended indefinitely from the practice of law with leave to apply for reinstatement after expiration of 12 months from the date of this decision, providing he then furnishes the court satisfactory proof that he is at that time of good moral character and in all ways worthy of the right to practice law.

Respondent's suspension shall apply to and include all facets of the ordinary law practice, including but not limited to examination of abstracts, consummation of real estate transactions, and preparation of deeds, buy and sell agreements, contracts, wills and tax returns. He shall immediately transfer to other counsel all legal matters, if any, in which he has been engaged or employed as counsel. Upon any application for reinstatement respondent also shall prove he has not practiced law or performed any of the aforesaid services during the suspension period. See Committee on Professional Ethics & Con. v. Louden, 209 N.W.2d 359, 360 (Iowa 1973).

All Justices concur.