COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

T. C. STRACK, Respondent.

No. 57806.

Supreme Court of Iowa.

Feb. 19, 1975.

Hedo M. Zacherle and Lee H. Gaudineer, Jr., Des Moines, for complainant.

W. Louis Beecher, Waterloo, for respondent.

McCORMICK, Justice.

This is a disciplinary proceeding arising from federal and state income tax law violations by respondent lawyer T. C. Strack. Our Grievance Commission recommended that his license to practice law be suspended for 36 months. Upon our de novo review of the record we suspend his license indefinitely with leave to apply for reinstatement after 36 months.

The matter was presented to the Grievance Commission on stipulated facts. Respondent willfully evaded federal and state income taxes for the years 1967 and 1968. He willfully failed to file federal and state returns for 1969 and 1970.

He fraudulently reported $5177.01 in taxable income on his 1967 federal return, with a tax liability of $1249.53. His actual taxable income in 1967 was $16,489.19, with a tax liability of $3396.97. He fraudulently reported $6611.28 in taxable income on his 1968 federal return, with a tax liability of $1135.14. His actual taxable income in 1968 was $13,495.96, with a tax liability of $2633.99. He was charged and convicted in federal court on two counts of the felony of income tax evasion under 26 U.S.C. § 7201 based on willful evasion of federal income tax liability for those two years.

Respondent made substantially the same income misrepresentations on his 1967 and 1968 Iowa returns. He thereby violated § 422.25(5), The Code, a misdemeanor.

In 1969 respondent had a gross income of approximately $33,641.80, but willfully failed to file income tax returns with the federal and state governments. In 1970 he had a gross income of approximately $23,-875.82, but again willfully failed to file federal and state returns. Willful failure to file federal and state income tax returns is a misdemeanor under federal and state law. See 26 U.S.C. § 7203; § 422.25(5), The Code.

Respondent's conduct violated Canons 29 and 32 of the canons of professional ethics then applicable. See Committee on Professional Ethics v. Sylvester, 221 N.W.2d 803 (Iowa 1974); Committee on Professional Ethics v. Bromwell, 221 N.W.2d 777 (Iowa 1974); Committee on Professional Ethics v. Louden, 209 N.W.2d 359 (Iowa 1973); Iowa State Bar Association v. Kraschel, 260 Iowa 187, 148 N.W.2d 621 (1967). These canons were replaced by the Iowa Code of Professional Responsibility on October 4, 1971. See Court Rule 119; cf. § 610.24(1), The Code. Disciplinary Rule 1–102 prohibits the

same conduct. Committee on Professional Ethics v. Bromwell, supra.

Our inherent power to license lawyers carries a concomitant duty to discipline lawyers who violate standards of professional conduct. Id. 221 N.W.2d at 780. Respondent has admitted eight serious violations of federal and state income tax statutes, all involving moral turpitude. In four instances he defrauded the federal and state governments in relation to taxes due. In the other four he willfully refused to report his tax liability to the government. It is as wrong for a lawyer to cheat the government as it is for him to cheat a client. Ibid.

We agree with the Grievance Commission that respondent's license to practice law should be suspended. We also agree that the period of suspension should be at least 36 months. We differ only in framing the order to make it clear respondent's license will not be reinstated even at the end of that period unless he then demonstrates his fitness in all respects for readmission to the practice of law.

It is ordered that respondent T. C. Strack be suspended indefinitely from the practice of law with leave to apply for reinstatement after expiration of 36 months from the date of this decision, providing that he then furnishes the court satisfactory proof he is at that time worthy to practice law.

Respondent's suspension shall apply to and include all facets of the ordinary law practice, including but not limited to examination of abstracts, consummation of real estate transactions and preparation of deeds, buy and sell agreements, contracts, wills and tax returns. He shall immediately transfer to other counsel all legal matters, if any, in which he has been engaged or employed as counsel. Upon any application for reinstatement respondent also shall prove he has not practiced law during the suspension period.

License suspended.

All Justices concur.