**The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Roy Aaron GOLDEN, Respondent.**

**No. 58072.**

Supreme Court of Iowa.

April 16, 1975.

Hedo M. Zacherle and Lee H. Gaudineer, Jr., Des Moines, for complainant.

Jerry E. Williams, Des Moines, for respondent.

MOORE, Chief Justice.

This is a disciplinary proceeding arising from state income tax violations by respondent lawyer Roy Aaron Golden. Our Grievance Commission recommended his license to practice law be suspended for three months. Upon our de novo review of the record we suspend his license indefinitely with leave to apply to be reinstated at the expiration of six months after January 14, 1975.

The facts presented to the Grievance Commission were stipulated and undisputed.

Respondent filed his federal income tax returns and paid the tax required thereby for the years 1968 to 1971, both inclusive. He filed declaration of estimated income tax with the State of Iowa for the years 1968 and 1969 and paid the amounts required therein. He filed no Iowa Income Tax Return for 1969. Respondent filed no declaration of estimated income nor tax return with the State of Iowa for the years of 1970 and 1971.

On January 8, 1974 respondent was indicted by the Polk County Grand Jury upon a charge of willful failure to file an Iowa State Income Tax return for 1971 in violation of Code section 422.25(5). On July 12, 1974 respondent entered a plea of guilty to said charge and was fined $1250 which he paid.

After proper notice and hearing this court on January 14, 1975 temporarily suspended respondent from the practice of law pursuant to the provisions of Court Rule 118.14.

In recent decisions we have thoroughly discussed our view of the principles and ethical considerations applicable to willful failure to file income tax returns by members of the Iowa bar. They need not be repeated here. See Com. on Prof. Ethics

and Conduct, Etc. v. Strack, Iowa, 225 N.W.2d 905, 906 and citations.

We agree with the Grievance Commission that respondent's license to practice law should be suspended. We hold however the period of suspension should be at least six months.

It is ordered that respondent Roy Aaron Golden be suspended indefinitely from the practice of law with leave to apply to be reinstated effective six months after the date of his temporary suspension, January 14, 1975. Upon any application for reinstatement respondent shall meet the requirements of Court Rule 118.13.

All Justices concur.