**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Harlan L. LEMON, Respondent.**

**No. 58924.**

Supreme Court of Iowa.

Jan. 21, 1976.

Lee H. Gaudineer, Jr., and Hedo M. Zacherle, Des Moines, for complainant.

Harlan L. Lemon, pro se.

REYNOLDSON, Justice.

The Committee on Professional Ethics and Conduct of The Iowa State Bar Association filed complaint against respondent Harlan L. Lemon, alleging his willful failure to file federal and state income tax returns violated the Iowa Code of Professional Responsibility for Lawyers and § 610.24, The Code. December 8, 1975, this court's Grievance Commission, second division, filed its report, incorporating certain findings and conclusions, and included its recommendation respondent be suspended from the practice of law, but because he has refrained from law practice commencing October 1, 1974, that he be permitted to apply immediately for reinstatement. Respondent on December 9, 1975, filed an instrument in which he "waives any review" and asks this court to enter appropriate ruling as soon as possible. The matter is thus postured for disposition by this court.

I. Respondent willfully failed to make and timely file federal income tax returns for the calendar years 1970 and 1971 although his gross income for those years was sufficient to require him to file. He also

willfully failed to file timely Iowa income tax returns for the calendar years 1968 through 1972 although his income for each of those years exceeded the amount which triggered the filing requirement. Thus he was guilty of violating the criminal provisions of 26 U.S.C. § 7203 and § 422.25(5), The Code. This misconduct was also in violation of DR 1–102(A)(1), (4), (5) and (6), Iowa Code of Professional Responsibility for Lawyers.

November 8, 1974, respondent was indicted by Polk county grand jury for the tax year 1971 violation. He pleaded guilty April 21, 1975, and was granted a deferred sentence.

II. Count III of the Committee's complaint related to a violation of our Supreme Court Rule 121.4(b) and (c).

March 1, 1974, the Client Security and Attorney Disciplinary Commission received respondent's executed annual questionnaire. To the question "When and where did you file your last Federal income tax return?" respondent answered "Des Moines, Iowa 1972." An identical reply was made to the same question relating to the state income tax return.

A certified copy of the Polk county grand jury indictment is before us as part of the record. It indicates respondent knew he was under investigation for non-filing of Iowa income tax returns as early as April 14, 1974, when he was given the Miranda warnings by a state revenue department auditor. This investigation was launched after he filed his 1972 state income tax return in December of 1973. Despite this status, he accepted appointment as Polk county magistrate July 1, 1974.

August 9, 1974, seeking to clarify respondent's ambiguous responses on the annual questionnaire, this court's assistant administrator for the disciplinary system called upon respondent. The latter furnished a written statement under oath that he filed his 1971 federal and state tax returns in 1972, and his 1972 federal and state returns in 1973.

The Commission found, and respondent concedes, this statement was false as to the 1971 returns. At the hearing below respondent contended that when he made his responses under oath he thought they were correct. The Commission's findings include the statement "it has been neither proved nor admitted that the Respondent knew that said statements were incorrect at the times that he made them."

In our de novo review, we find respondent did know his sworn statements were partially false. In addition to his knowledge of the investigation, supra, we find his testimony at the hearing ambiguous and unconvincing. At one point, referring to his July 1974 appointment as magistrate, he stated:

"This was a couple of months after the first contact to me by the State Revenue Department, so at that time I became aware that they were not filed, and no one was going to find them, and that I had broken the law, apparently, and a whole bunch of other things."

The time referred to was prior to the date respondent furnished his sworn statement respecting these returns to the assistant court administrator.

Respondent is properly subject to court rule 118 disciplinary processes on this ground. See court rule 121.4(c)(2).

III. Respondent submits in mitigation his addiction to alcohol during all the years in question, until the fall of 1972, when he attained a state of sobriety which he states is still maintained. The same mitigation was urged in *Committee on Professional Ethics v. Sylvester,* 221 N.W.2d 803, 804 (Iowa 1974) where we said:

"Alcoholism can of course affect an attorney's fitness to practice law. However we do not believe, under the circumstances in this case, it should affect in any way the duration of suspension, either in aggravation or mitigation."

Respondent cannot explain why he filed federal tax returns in some of the years in

which he filed no state returns. The amounts he owed for unpaid tax were small. He resigned as magistrate in September 1974 after a conference with a fifth judicial district chief judge. As above indicated, he has not practiced law since October 1, 1974.

IV. The principles and ethical considerations applicable in these situations have been thoroughly discussed in a number of recent decisions. See *Com. on Prof. Ethics v. Golden,* 228 N.W.2d 113 (Iowa 1975); *Com. on Prof. Ethics v. Strack,* 225 N.W.2d 905 (Iowa 1975); *Com. on Prof. Ethics v. Galvin,* 223 N.W.2d 162 (Iowa 1974); *Com. on Prof. Ethics v. Bromwell,* 221 N.W.2d 777 (Iowa 1974); *Com. on Prof. Ethics v. Sylvester,* 221 N.W.2d 803 (Iowa 1974). They will not be repeated here.

It is ordered respondent be suspended from the practice of law for a period of 18 months commencing October 1, 1974. Upon application for reinstatement he shall furnish satisfactory proof he is at that time of good moral character and in all ways worthy of the right to practice law.

Respondent's suspension shall apply to and include all facets of the ordinary law practice, including but not limited to examination of abstracts, consummation of real estate transactions, and preparation of deeds, buy and sell agreements, contracts, wills and tax returns. Upon any application for reinstatement respondent also shall prove he has not practiced law or performed any of the aforesaid services during the suspension period. See *Com. on Prof. Ethics v. Louden,* 209 N.W.2d 359, 360 (Iowa 1973).

All Justices concur.