COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Appellee,

v.

Leslie C. ROBERTS, Appellant.

No. 59037.

Supreme Court of Iowa.

Oct. 20, 1976.

Robert C. Oberbillig, Des Moines, for appellant. Lee H. Gaudineer, Jr., Des Moines, for appellee.

McCORMICK, Justice.

This is an appeal from the report of the grievance commission in an attorney disciplinary proceeding. The commission recommended that respondent Leslie C. Roberts be disbarred for having willfully failed to file federal and state income tax returns for nine years. Respondent admits the tax violations but challenges the commission's procedure and recommendation. We hold respondent's license to practice law shall be suspended and shall not be reinstated for at least 18 months.

Respondent contends the commission erred in failing to give timely notice of the hearing, in refusing to grant a continuance, in receiving as evidence his failure to respond to complainant's request for admissions, in refusing to consider his untimely tender of evidence, and in recommending he be disbarred.

I. *Notice of hearing.* Respondent alleges he was not provided timely notice of the hearing. Although we reject this contention because it was not urged before the commission, we note he was provided notice as required by court rule 118.7 "at least ten days prior to the date set for such hearing, by restricted certified mail or personal service." Hearing was set for July 16, 1975. Notice of hearing was mailed to respondent and his counsel on July 5, 1975. Service was accomplished when the notice was mailed. Rule 82(b), Rules of Civil Procedure.

II. *Refusal of a continuance.* Respondent contends the commission erred in overruling his motion for continuance of the July 16 hearing. The complaint of the Committee on Professional Ethics and Conduct of the Iowa State Bar Association was filed against respondent November 24, 1974, and was served on him December 27, 1974, along with a copy of court rule 118 and complainant's request for admissions. Robert Oberbillig, director of the Legal Aid Society of Polk County, was appointed to represent respondent in February 1975. On July 10, 1975, two days after he received notice the hearing was set for July 16, 1975, Mr. Oberbillig wrote the chairman of the grievance panel saying he was unprepared for the hearing. The letter was received in the office of the commission secretary, the secretary of the Iowa State Bar Association, on July 14, 1975. An assistant in that office talked by telephone with Mr. Oberbillig the next day. A dispute exists regarding what Mr. Oberbillig was told in that conversation. Mr. Oberbillig maintains he was told that if he sent a staff attorney to the hearing to request a continuance it would be granted. Complainant denies such assurance was given.

At the time and place fixed for hearing, respondent appeared with Ford June III, a legal aid staff attorney. Mr. June said he was not familiar with the case and his sole purpose in appearing at the hearing was to request a continuance in behalf of Mr. Oberbillig who could not be present. The commission refused to continue the hearing. Complainant's evidence, consisting entirely of the unanswered request for admissions, was received. Respondent offered no evidence at that time but was given 30 days

within which to present evidence by deposition.

The commission has discretion to grant a continuance upon proper motion. Court rule 118.7 provides, "The Commission may grant reasonable continuances but only upon written application supported by affidavit." Here the motion was overruled on the ground it was not in the form prescribed by the rule. Respondent contends he was excused from compliance with the formal requisites of the rule because Mr. Oberbillig was assured by the commission assistant the day before that the hearing would be continued. We need not decide the merits of this contention because we find respondent suffered no prejudice from denial of a continuance.

No testimony was taken in the hearing. The only evidence consisted of complainant's unanswered request for admissions. The matters in this request stood admitted because of respondent's failure to serve answers or objections as provided in rule 127, R.C.P. Although respondent was not prepared to offer evidence at the hearing, he was given 30 days thereafter within which to do so.

Under these circumstances respondent was not prejudiced by denial of his motion for continuance.

■ III. *Receiving the admissions.* Respondent contends the commission erred in treating the matters in complainant's request for admissions as admitted. He alleges complainant filed the request too soon.

Under Court Rule 118.6, a party in a disciplinary proceeding may utilize discovery as provided in the rules of civil procedure Rule 127, R.C.P., authorizes and governs requests for admissions. By the terms of the rule, the period within which answers or objections to a request for admissions must be served starts with service of the request, not with its filing. Therefore, the fact the request here was filed several weeks before it was served did not affect respondent's rights. When, as here, the request is served with the complaint, the respondent has 45 days after service within which to answer or object in order to avoid having the requested matters stand admitted.

Respondent failed at any time to answer or object to the request. The hearing was held more than six months after it was served. The matters in the request were properly deemed admitted, and the commission did not err in receiving the unanswered request for admissions as evidence on the ground alleged.

■ IV. *Respondent's offer of evidence.* Respondent did not submit any evidence to the commission within 30 days after the July 16 hearing. On September 20, 1975, he submitted an offer of evidence in which he alleged his total tax liability for the years 1968 through 1974 was only $1972.64, $1786.88 to the federal government and $185.76 to the State of Iowa. He also said the tax law violations were a consequence of ill health which in turn was caused by severe economic pressure during the period involved.

The commission held the offer was untimely and refused to consider these matters as evidence. Respondent contends this was error.

Respondent seeks to excuse his failure to offer evidence earlier by asserting it was August 18 before his attorney learned the deadline for offering evidence was August 16. Mr. Oberbillig had written to the secretary of the commission on July 31 asking when the deadline was. Although the response notifying him of the deadline was received in his office on August 8, he was then out of the state and did not read the response until he returned to his office on August 18.

The commission rejected this excuse, and so do we. Respondent and an attorney from the legal aid staff were personally notified at the July 16 hearing of the deadline for presentation of defense evidence. The subsequent failure to offer evidence during the period provided or to request an extension of time was unjustified.

Moreover, the refusal to consider respondent's offer of evidence could not have af-

fected the commission's finding that respondent willfully failed to file federal and state tax returns for the nine-year period alleged. He did not at any time deny any facts which the commission found admitted by his failure to respond to complainant's request for admissions.

We find no error in the commission's rejection of the offer.

**V.** *The appropriate discipline.* We have repeatedly held that willful failure by a member of the legal profession to file required income tax returns warrants professional disciplinary action.[1] Such conduct violates Disciplinary Rule 1–102(A)(1), (4)–(6), of the Iowa Code of Professional Responsibility. *Committee on Professional Ethics and Conduct v. Bromwell,* 221 N.W.2d 777 (Iowa 1974). Selection of appropriate discipline requires that we consider the respondent's fitness to continue in the practice of law, deterrence of others from similar conduct, and assurance to the public that the courts will maintain the ethics of the profession. *Iowa State Bar Ass'n. Com. v. Kraschel,* 260 Iowa 187, 199, 148 N.W.2d 621, 628–629 (1967). Our review of the findings, conclusions, and recommendations of the commission is *de novo.* Court Rule 118.11.

The record shows respondent willfully failed to file required federal or state tax returns for the years 1964 through 1972. Such failure is a misdemeanor under federal and state law for each year involved. Int.Rev.Code of 1954; § 422.25(5), The Code. It also constitutes a violation of DR 1–102(A)(1), (4)–(6), and its predecessor canons for nine consecutive years.

In alleged mitigation of his conduct, respondent urges us to consider the fact his income and tax liability for the years involved was small. The greater portion of his liability was for social security taxes. In addition, he contends that his conduct was in part "due to his physical health as well as his physical reaction to professional pressures." We do not accept either explanation as mitigation for his misconduct. See *Committee on Professional Ethics and Conduct v. Lemon,* 237 N.W.2d 824 (Iowa 1976); *Committee on Professional Ethics and Conduct v. Sylvester,* 221 N.W.2d 803 (Iowa 1974). However, the record similarly does not show circumstances of aggravation.

In recommending disbarment, the commission relied on our admonition in *Committee on Professional Ethics v. Bromwell,* supra, at 780:

> "We suspend in this case, following the precedent of our own decisions and almost all decisions from other jurisdictions, but we caution the future disposition of such cases may be revocation if this action fails as a deterrent."

Although we reaffirm that admonition we do not find it a justification for revocation in this case. The conduct involved here occurred prior to the *Bromwell* decision and thus could not have been deterred by the discipline imposed there. The misconduct involved here is like that involved in *Bromwell,* and we find similar discipline is appropriate.

We hold that respondent's license to practice law shall be suspended indefinitely and shall not be reinstated for 18 months from the date of this decision. Because of respondent's representations regarding his health, he must at the time of any application for reinstatement furnish the court

---

1. See *Committee on Professional Ethics and Conduct v. Pieters,* 241 N.W.2d 1 (Iowa 1976) (license suspension—no reinstatement for 18 months); *Committee on Professional Ethics and Conduct v. Lemon,* 237 N.W.2d 824 (Iowa 1976) (license suspension—no reinstatement for 18 months); *Committee on Professional Ethics and Conduct v. Golden,* 228 N.W.2d 113 (Iowa 1975) (license suspended—no reinstatement for six months); *Committee on Professional Ethics and Conduct v. Galvin,* 223 N.W.2d 162 (Iowa 1974) (license suspended—no reinstatement for 12 months); *Committee on Professional Ethics and Conduct v. Bromwell,* 221 N.W.2d 777 (Iowa 1974) (license suspended—no reinstatement for 18 months); *Committee on Professional Ethics and Conduct v. Sylvester,* 221 N.W.2d 803 (Iowa 1974) (license suspended—no reinstatement for six months); *Committee on Professional Ethics and Conduct v. Louden,* 209 N.W.2d 359 (Iowa 1973) (license suspended—no reinstatement for six months).

satisfactory proof that he is at that time in sound mental health as well as of good moral character and in all ways worthy of the right to practice law.

Respondent's suspension shall apply to and include all facets of the ordinary law practice, including but not limited to examination of abstracts, consummation of real estate transactions, and preparation of deeds, buy and sell agreements, contracts, wills and tax returns. He shall immediately transfer to other counsel all legal matters, if any, in which he has been engaged or employed as counsel. Upon any application for reinstatement respondent also shall prove he has not practiced law or performed any of the aforesaid services during the suspension period.

LICENSE SUSPENDED.

All Justices concur.