COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Thomas M. KELLY, Jr., Respondent.

No. 59404.

Supreme Court of Iowa.

Nov. 17, 1976.

Roger J. Kuhle, Des Moines, for complainant.

John J. Carlin, Davenport, for respondent.

MOORE, Chief Justice.

Of the more than 4000 resident Iowa licensed attorneys a few have been disciplined for income tax violations. Indeed the number of such violators is very small—less than one percent. However each such violator when brought before the court has been suspended from the practice of law. The period of suspension has been ordered based on the particular facts in each case.

This is another such disciplinary action arising from federal and state income tax violations by respondent Thomas M. Kelly, Jr. Upon our de novo review we agree with the recommendation of our Grievance Commission that his license to practice law be indefinitely suspended with no possibility of reinstatement for 12 months.

The record is undisputed that respondent willfully and knowingly failed to file federal and Iowa income tax returns for 1969, 1970, 1971, 1972, 1973 and 1974. On July 12, 1976 respondent entered pleas of guilty and was sentenced in Polk County District Court on six charges of failure to file and to pay state income tax in violation of Code section 422.25(5). Before the Grievance Commission he readily admitted his federal and state income tax violations and offered evidence of alleged mitigating circumstances bearing on the sanction to be imposed.

■ As found by the Commission, the record clearly establishes respondent for years has rendered valuable service to indigent persons needing the services of a lawyer in Scott County, Iowa. This is indeed commendable but is not a valid excuse for failure to take time from such demanding service to file his income tax returns.

In recent decisions we have thoroughly discussed our views of the principles and ethical considerations applicable to willful failure to file income tax returns by members of the Iowa bar. They need not be repeated here. See *Com. on Professional Ethics, Etc. v. Roberts,* Iowa, 246 N.W.2d 259 (1976), and citations.

■ We hold respondent's license to practice law should be suspended indefinitely with no possibility of reinstatement for 12 months from the date of his temporary suspension, August 25, 1976.

Respondent's suspension shall apply to and include all facets of the ordinary law

practice, including but not limited to examination of abstracts, consummation of real estate transactions and preparation of deeds, buy and sell agreements, contracts, wills and tax returns. Upon any application for reinstatement respondent's proof shall include a clear showing he has not practiced law during the suspension period. See Court Rule 118.13.

LICENSE SUSPENDED.

All Justices concur.