The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Gale Edward HOLMES, Respondent.

No. 62027.

Supreme Court of Iowa.

Nov. 22, 1978.

Roger J. Kuhle, Des Moines, for complainant.

Raymond Rosenberg, Des Moines, for respondent.

LARSON, Justice.

This is a proceeding to review the findings and recommendations of the Grievance Commission regarding respondent's license to practice law in this state.

The complaint alleged that respondent had failed to file Iowa state income tax returns for the years 1970, and 1972 through 1975, and that he had filed false answers in his Client Security and Attorney Disciplinary questionnaire under Court Rule 121.4 in 1974, 1975 and 1976.

Respondent admitted all of the allegations of the complaint, but sought to justify his actions, or mitigate their consequences, by introducing medical evidence of depression during the years in question.

The commission found that the allegations of the complaint were established as to the income tax violations but made no finding as to his false answers to the questionnaire. We are not limited by the findings, however, as our review of the record is de novo. *Comm. on Prof. Ethics v. Sloan*, 262 N.W.2d 262, 263 (Iowa 1978). Our review of the records shows that the allegations regarding false answers were also established by the evidence, and we so find.

The procedural and substantive rules applicable here are fully discussed in prior cases. *See Comm. on Prof. Ethics v. Roberts*, 246 N.W.2d 259 (Iowa 1976); *Comm. on Prof. Ethics v. Lemon*, 237 N.W.2d 824 (Iowa 1976); *Comm. on Prof. Ethics v. Bromwell*, 221 N.W.2d 777 (Iowa 1974).

We find that the failure of the respondent to file the income tax returns was established by the evidence. Such conduct violates Disciplinary Rules 1–102(a)(1), (4), (5) and (6) and §§ 610.24(3) and (4), The

Code. Respondent's false questionnaire answers violated Court Rule 121.4(b) and (c) and subject respondent to disciplinary proceedings under Court Rule 118. *Comm. on Prof. Ethics v. Lemon, supra.*

We have examined the medical evidence submitted to the commission hearing in the form of written reports by respondent's treating doctor. He stated that commencing in about 1970 respondent complained of "fatigue, lethargy and lack of desire and interest in his work." His treatment at that time was "re-assurance" and prescription for a minor mood elevator. During 1971 these problems became more pronounced. His cigarette and alcohol consumption increased and he continued to lose interest in his business and family affairs. As to any causal connection here, he concluded that "the failure of Mr. Holmes to file tax returns cannot be explained except in terms of depression." His prognosis was that a substantial period of psychotherapy and anti-depressant medication would be necessary to relieve the problem. A later opinion stated that his failure to file his income tax returns was a part of his "self-destructive mood" and that once the first return was not filed the following omissions became easier. He again diagnosed the disorder as depression.

The doctor did not contend, nor did the respondent, that such defect rendered him incapable of distinguishing right from wrong or knowing the nature and quality of his actions to establish a defense of insanity, *State v. Hall*, 214 N.W.2d 205 (Iowa 1974); nor did it amount to such "diminished responsibility"[1] as to prevent formation of specific intent held by some authorities to be a requisite element of willful failure to file. *See, e. g., United States v. Palermo*, 259 F.2d 872, 879 (3rd Cir. 1958). There is no evidence of respondent's inability to form specific intent or to act "willfully" in failing to file. His doctor stated only that his condition of depression resulted in "di-

---

1. Iowa recognizes the defense of diminished responsibility in cases requiring specific intent. *See, e. g., State v. Jacoby*, 260 N.W.2d 828, 836 (Iowa 1977); *State v. Barney*, 244 N.W.2d 316, 318 (Iowa 1976).

minished capacity in areas of *competency.*" (Emphasis added.)

■ In these proceedings, civil in nature, respondent's shield of protection based upon mental defects should be no broader than that applicable in criminal cases as set out above.

Although the medical report states that respondent's pattern of filing federal returns for the years in question, but not the state returns, was "consistent" with his diagnosis of depression and resulting "self destructive mood," such pattern of repeated omissions is also strong evidence of "willfulness" which is the gist of the offense. *See Holland v. United States,* 348 U.S. 121, 139, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954); *United States v. Palermo, supra* at p. 881.

The grievance commission concluded that no sufficient excuse or justification was shown by the medical evidence. We agree, and further conclude that such factors should not mitigate the consequences of his omissions.

No justification was attempted to be established as to respondent's false answers to the questionnaires received by the disciplinary commission in 1974, 1975 and 1976. He admitted the answers contained were false and that he knew them to be false when made.

■ We conclude respondent's actions constituted violations of all of the disciplinary rules, court rules, and code sections set out above, and that an appropriate period of suspension should be assessed. Under the circumstances of this case, his license to practice law should be suspended for a minimum of 18 months.

As stated in *Comm. on Prof. Ethics v. Shepard,* filed this date, the period of suspension otherwise appropriate is increased in this case because of respondent's false questionnaire responses, which in themselves would warrant disciplinary proceedings under Rule 118, and which we regard as an aggravating factor to be considered. We seek here to give effect to the applicable court and disciplinary rules, and to serve notice that such false statements, whether as to income tax matters, or others, are to be dealt with by appropriate disciplinary proceedings.

Respondent's license to practice law is suspended indefinitely with no possibility of reinstatement prior to December 22, 1979, which is 18 months following his temporary suspension on June 22, 1978.

This suspension shall apply to all facets of the practice of law, including but not limited to, examination of abstracts, consummation of real estate transactions, preparation of deeds, buy and sell agreements, contracts, wills and tax returns. Upon any application for reinstatement, respondent shall prove he has not performed any of such services during the suspension period. His application for reinstatement, if any, shall follow Court Rule 118.13.

■ Although we have concluded here that respondent's mental condition does not justify or mitigate the matters complained of, it does affect his competency to practice law. Therefore, any application for reinstatement shall be accompanied by satisfactory evidence of sound mental health. *See Comm. on Prof. Ethics v. Roberts,* 246 N.W.2d 259 (Iowa 1976).

LICENSE SUSPENDED.

All Justices concur.