The **COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Michael G. SHEPARD, Respondent.**

**No. 62046.**

Supreme Court of Iowa.

Nov. 22, 1978.

Roger J. Kuhle, Des Moines, for complainant.

Michael G. Shepard, pro se.

LARSON, Justice.

This is a disciplinary proceeding involving respondent's failure to file Iowa income tax returns and his related false statements in annual Client Security and Attorney Disciplinary Commission questionnaires required by Court Rules 121.4.

The facts giving rise to the filing of the complaint are undisputed and need not be set out in detail. Count I of the complaint alleged that respondent has pled guilty to the charge of willful failure to file Iowa income tax returns for 1972, 1973, 1974 and 1975, in violation of § 422.25(5), The Code. Count II charged that he had falsely stated to the Client Security Commission that he had filed state returns for 1973 and 1974. Count III generally attacked his fitness to practice law in view of these problems.

Respondent admitted the allegations of the complaint but sought to show mitigating circumstances. He stated that his first filing omission was caused by his being "wrapped up too much" in his new law practice to file the 1972 return, and his subsequent failures were the result of a "snowball effect." He admitted that these matters did not constitute a justification for his failure to file. At the time of the commission hearing, the income tax assessed had not been paid.

Respondent also admitted that he filed false answers on the client security fund questionnaire and that he further compounded his problems by furnishing a separate affidavit falsely indicating compliance with the income tax and client security requirements.

Respondent's license to practice law was temporarily suspended July 1, 1978 under Court Rule 118.14, following his plea of guilty to the income tax charges.

The general law regarding the effect of failure to file required income tax returns upon respondent's fitness to practice law, and the factors to be considered in determining the proper disciplinary measures are set out in several prior cases and will not be repeated in this opinion. These include *Comm. on Prof. Ethics v. Roberts*, 246 N.W.2d 259 (Iowa 1976); *Comm. on Prof. Ethics v. Lemon*, 237 N.W.2d 824 (Iowa 1976); and *Comm. on Prof. Ethics v. Bromwell*, 221 N.W.2d 777 (Iowa 1974). We give consideration to commission recommendations but are not bound by them, as our review is de novo. *Comm. on Prof. Ethics v. Sloan*, 262 N.W.2d 262, 263 (Iowa 1978).

We find that respondent's conduct regarding the tax matters violates Disciplinary Rules 1–102(A)(1), (4), (5) and (6) and §§ 610.24(3) and (4), The Code, and that an appropriate period of suspension should be assessed.

We conclude that under the circumstances respondent's license should be suspended for a minimum of 18 months. A survey of prior decisions indicates that this suspension is more severe than the norm of similar cases. However, we feel compelled to deal with the aggravating circumstance here of respondent's admittedly false statements made in his client security questionnaire and separate affidavit. These violations, even standing alone, are proscribed by Court Rule 121.4(b) and (c) and subject respondent to disciplinary proceedings under

Rule 118. *Comm. on Prof. Ethics v. Lemon*, 237 N.W.2d 824 (Iowa 1976). We have therefore increased the period of suspension which would otherwise have been ordered to give application to these rules and to serve notice that such false statements, whether as to income tax matters or others, will be made the subjects of appropriate disciplinary proceedings in the future.

Respondent's license to practice law is suspended indefinitely, with no possibility of reinstatement prior to January 1, 1980, which is 18 months from the date of his temporary suspension. Respondent's suspension shall apply to and include all facets of the practice of law, including but not limited to examination of abstracts, consummation of real estate transactions, preparation of deeds, buy and sell agreements, contracts, wills, and tax returns. Upon any application for reinstatement respondent shall also prove that he has not performed any of such services during the suspension period. His application for reinstatement, if any, shall follow Court Rule 118.13.

LICENSE SUSPENDED.

All Justices concur.