The COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

**Doren SHIFLEY, Respondent.**

No. 67143.

Supreme Court of Iowa.

Nov. 25, 1981.

Karen E. Shaff, Des Moines, for complainant.

William E. Davis, Davenport, for respondent.

McCORMICK, Justice.

This is an attorney disciplinary proceeding arising from federal and state income tax violations by respondent Doren Shifley. Upon de novo review of the report of our Grievance Commission, we suspend his license indefinitely with no possibility of reinstatement for six months from the date of this decision.

Respondent did not file his 1977 federal and state tax returns until August 29, 1979. He did not file his 1978 federal and state returns until April 28, 1980. In each instance he had sufficient income to be required to file the returns. He had obtained 60-day extensions for the filing of his 1977 and 1978 federal returns and obtained an extension to October 1, 1979, for the filing of his 1978 Iowa return. However, the returns were filed well after the expiration of the extension periods. Although respondent attributed his late filing of the returns to difficulties in assembling the information necessary to complete the returns, we agree with the Commission that this does not excuse his noncompliance with the statutory filing requirements. See I.R.C. § 7203; § 422.13, The Code. We find that his failure to file timely returns was willful. His conduct violated Disciplinary Rules 1–102(A)(1), (4), (5) and (6) and sections 610.-24(3) and (4), The Code. Discipline is warranted.

General principles applicable to this proceeding are discussed in a number of cases and will not be repeated here. See, e. g., Committee on Professional Ethics and Conduct v. Bromwell, 221 N.W.2d 777 (Iowa 1974). Although the Commission recommended that the period during which reinstatement is barred be set at four months, we believe reinstatement should be precluded for at least six months.

We suspend Doren Shifley's license to practice law in the courts of this state indefinitely. During the period of suspension he shall refrain from the practice of law as that term is defined in Court Rule 118.12. His license shall not be reinstated for at least six months. An application for reinstatement shall be governed by Court Rule 118.13.

LICENSE SUSPENDED.

All Justices concur except LeGRAND, J., who takes no part.