**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Appellant,**

v.

**Gerald W. CRAWFORD, Appellee.**

No. 84–342.

Supreme Court of Iowa.

July 18, 1984.

Frank A. Comito, Des Moines, and Hedo M. Zacherle, Des Moines, for appellant.

Brent B. Green, Des Moines, for appellee.

UHLENHOPP, Justice.

This appeal involves the late filing of income tax returns by an attorney.

Respondent Gerald W. Crawford practices law in Des Moines, Iowa. In 1979 he had adjusted gross income of $14,366, which required him to file federal and state income tax returns by April 15 and 30, 1980, respectively. He did not file returns by those dates, but he did file requests for extensions of time to file the returns. His untimely federal request was received by the Internal Revenue Service on May 11, 1980. If that request had been valid it would have expired on June 15, 1980. His state request was dated April 30, 1980. That request expired June 30, 1980. He did not file 1979 returns within those extended periods.

In 1980 respondent had adjusted gross income of $33,532. He did not file federal and state tax returns by April 15 and 30, 1981, respectively. His request for a federal extension was received by the Internal Revenue Service on April 16, 1981. This request, however, was on a form which, if granted, would have allowed an extension to a specified date. Respondent's request for an extension of time on his state return for 1980 was filed on April 30, 1981, and expired June 30, 1981. Respondent did not file 1980 federal and state returns within extended periods under any view of the record.

On May 7, 1981, respondent untimely filed his 1981 combined statement and questionnaire with the Iowa Client Security Commission. To the questions whether he had filed his 1979 federal and state income tax returns he answered, "Extension Applied For". On June 25, 1982, he untimely filed his 1982 statement and questionnaire and made the same answers as to his 1980 tax returns.

Upon review of respondent's statements and questionnaires, the Assistant Court Administrator for the Client Security Commission assigned a representative in September 1982 to interview respondent as to

the status of his 1979 and 1980 income tax returns. The representative conducted the interview on September 20, 1982. He subsequently testified in pertinent part:

I went over his answers to the questionnaire forms, which were that extensions had been applied for, and requested information if he had filed or not. And he indicated he had not filed. That would be for the years 1979 and 1980. I also requested if he could show us copies of these requests for extensions or estimated payments on the years concerned.

. . . .

He indicated [the returns] were being prepared by a CPA in Western Nebraska and that this CPA would bring the returns in around September 25 of 1982 and that Mr. Crawford said he would then give me copies of the returns. He also volunteered to speed it up by maybe two or three days if we thought that necessary, and I said I didn't think that would be necessary.

On September 30, 1982, respondent filed his federal and state 1979 and 1980 returns and made payment.

Subsequently the Criminal Investigation Division of the Internal Revenue Service investigated the case. On July 21, 1983, the division wrote respondent in pertinent part:

You are no longer the subject of an investigation by the Criminal Investigation Division regarding your federal tax liabilities for 1979, 1980, and 1981. However, this does not preclude re-entry by the Criminal Investigation Division into the investigation.

Complainant Committee on Professional Ethics and Conduct filed a complaint before the Grievance Commission based on respondent's failure to file the 1979 and 1980 returns until September 30, 1982, a considerable time after they were due. A division of the commission held a hearing. At the hearing complainant established the facts we have recited. Respondent's defense was that a number of circumstances caused the late filing of the returns, growing out of his own problems and the prob-

lems of Keith Lindvall, a certified public accountant who prepared the returns.

Respondent showed that he and Lindvall began some preparatory work on the 1979 returns in the spring of 1980. From time to time thereafter respondent obtained additional figures and Lindvall did additional work. Respondent had the complications of having been in two prior associations with lawyers; this involved problems of ascertaining his shares of office expenses. Respondent himself is not a tax attorney and relied on his accountant. His accountant, in turn, lost his position with an accounting firm in Iowa, and moved to Nebraska. This made communication. between the two men more difficult. In addition, the accountant went through divorce proceedings. Respondent did not wish to start over with a new accountant.

Respondent also showed that he himself carried a heavy load of trial work. In 1982 respondent's wife required medical care and respondent spent considerable time with her. Respondent asserts that because of all these factors he did not timely file his returns.

Three members of the Grievance Commission division found that respondent's failure to file his returns on time was negligent and not willful or fraudulent. It reprimanded respondent for his conduct. The fourth member of the division dissented and recommended that respondent's license be suspended for a period of time.

Complainant appealed to this court.

■ I. The burden of proof is on complainant to establish its charge by a convincing preponderance of the evidence. *Committee on Professional Ethics and Conduct v. Wright*, 178 N.W.2d 749 (Iowa 1970). We need not repeat the principles which apply in disciplinary cases based on failure to file income tax returns on time, as we have addressed them on a number of occasions and have imposed license suspensions from three months to three years in the following cases. *Committee on Professional Ethics and Conduct v. McKey*, 343 N.W.2d 489 (Iowa 1984); *Committee*

*on Professional Ethics and Conduct v. Wollenzien,* 342 N.W.2d 490 (Iowa 1984); *Committee on Professional Ethics and Conduct v. Shifley,* 312 N.W.2d 558 (Iowa 1981); *Committee on Professional Ethics and Conduct v. Glenn,* 259 N.W.2d 867 (Iowa 1977); *Committee on Professional Ethics and Conduct v. Wagener,* 251 N.W.2d 482 (Iowa 1977); *Committee on Professional Ethics and Conduct v. Kelly,* 250 N.W.2d 388 (Iowa 1976); *Committee on Professional Ethics and Conduct v. Toomey,* 236 N.W.2d 39 (Iowa 1975); *Committee on Professional Ethics and Conduct v. Strack,* 225 N.W.2d 905 (Iowa 1975); *Committee on Professional Ethics and Conduct v. Galvin,* 223 N.W.2d 162 (Iowa 1974); *Committee on Professional Ethics and Conduct v. Sylvester,* 221 N.W.2d 803 (Iowa 1974); *Committee on Professional Ethics and Conduct v. Bromwell,* 221 N.W.2d 777 (Iowa 1974); *Committee on Professional Ethics and Conduct v. Louden,* 209 N.W.2d 359 (Iowa 1973); *Iowa State Bar Ass'n v. Kraschel,* 260 Iowa 187, 148 N.W.2d 621 (1967).

II. Under the record before us and the cited decisions, we find that respondent's failure to file returns until considerable periods after they were due was intentional and therefore willful. Respondent knew the dates the returns were due. He must have known the extensions—assuming the extensions were valid—had run out. He did not obtain further extensions. The excuses he tendered for late filing did not pose insurmountable obstacles to filing on time. We find from the evidence that the proffered excuses are not the real reasons. Probably respondent was having money problems and did not put some of his income aside for estimated tax payments, as is not uncommon in these cases. After he went on tax withholding with a law firm, he had no difficulty timely filing his returns. Moreover, his prompt filing of the 1979 and 1980 returns after the visit by the representative of the Client Security Commission, and his failure to file prior to that point, undermine his tendered excuses.

Whether respondent is or is not guilty of the crime of tax evasion does not determine whether he did or did not violate the Code of Professional Responsibility for lawyers; those are two different questions. *See Committee on Professional Ethics and Conduct v. Shifley,* 312 N.W.2d 558 (Iowa 1981); *Committee on Professional Ethics and Conduct v. Bromwell,* 221 N.W.2d 777 (Iowa 1974); *Iowa State Bar Ass'n v. Kraschel,* 260 Iowa 187, 148 N.W.2d 621, 628 (1967) ("We hold willful failure by a member of the legal profession to file income tax returns as required by law warrants professional disciplinary action. We do not deem it necessary to determine whether moral turpitude is involved here.").

We regard this case as one of willful failure to file timely income tax returns, and suspend respondent's license to practice law for an indefinite time. We will not entertain an application for reinstatement for a period of six months from the filing date of this opinion. Iowa Court Rule 118.-12. On application for reinstatement, respondent will have to establish that he did not perform any facets of the practice of law during the suspension and he must also show that he has filed all of his required income tax returns to the date of the application. Any application must also comply with Iowa Court Rule 118.13.

LICENSE SUSPENDED.

All Justices concur except REYNOLDSON, C.J., who takes no part.