COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Appellant,

v.

Stanley E. MUNGER, Appellee.

No. 85–530.

Supreme Court of Iowa.

Oct. 16, 1985.

George H. Capps, Patrick W. O'Bryan and Hedo M. Zacherle, Des Moines, for appellant.

Mark W. Bennett, Des Moines, for appellee.

CARTER, Justice.

We granted a discretionary appeal in this case to consider the claim of the Committee on Professional Ethics and Conduct of the Iowa State Bar Association that the Grievance Commission failed to follow our decision in *Committee on Professional Ethics and Conduct v. Crawford,* 351 N.W.2d 530

(Iowa 1984) when it dismissed the Committee's complaint against attorney Stanley E. Munger, the appellee on this appeal.

A complaint against appellee alleges that (1) he knowingly and willingly failed to timely file his state and federal income tax returns for the calendar year 1982, said returns not being filed until April 4, 1984; and (2) he falsely stated on the annual questionnaire which he filed with the Client Security and Disciplinary Commission on March 1, 1984, that these 1982 federal and state income tax returns had been filed. At the hearing on the complaint before the Grievance Commission, appellee admitted that his federal and Iowa income tax returns were not mailed to the proper agencies for filing until April 4, 1984, the day following a routine audit by the Client Security and Disciplinary Commission at which he signed an authorization for that agency to verify the filing of these tax returns.

Other facts testified to by appellee at the Commission hearing were as follows. He had obtained two extensions of time for filing his 1982 federal income tax return, the last of which expired on October 15, 1983. He prepared the first request to extend the time for filing the federal return, which he described as an automatic extension. The second request for extension of time to file the federal tax return was prepared by a certified public account retained by appellee to prepare the returns. With respect to the filing of the 1982 Iowa income tax return, appellee indicated his knowledge that the time for filing was April 30, 1983 and stated that he had mailed a copy of his first request for extension of time on the federal return to the Iowa Department of Revenue. He stated he never received any response to that action. Appellee testified that he had expected his certified public accountant to protect him and expected a telephone call someday saying "let's have an appointment." This appointment was not forthcoming until February 21, 1984, at which time he met with his accountant and arranged for the completion of both his 1982

and 1983 federal and state income tax returns. The necessary financial data required for completion of the 1982 return had been furnished to the accountant earlier that same month.

Appellee also testified at the Commission hearing that, although the questionnaire signed by him and filed with the Client Security and Disciplinary Commission on March 1, 1984, incorrectly indicated that he had filed his 1982 federal and Iowa income tax returns, this erroneous information was supplied by an office secretary. Appellee claimed to have signed the questionnaire and caused it to be filed without reading it.

Appellee's wife testified at the Commission hearing that appellee had told her in October of 1983 that they had to make a sustained effort to gather together the necessary financial data required for completion of their income tax returns. She indicated that, on the day in October that this project was undertaken, it was abandoned in order to clean kitchen cupboards, and the "taxes just got lost in the shuffle." Documentary exhibits produced at the Commission hearing indicated that appellee had made estimated payments against his 1982 federal income tax liability during the calendar year 1982 in the sum of $7700. Disregarding interest and penalty, this left a remaining balance of $1812. The record further reflects that appellee made estimated tax payments of $1670 against his 1982 Iowa income tax liability during the calendar year 1982, and, disregarding interest and penalty, those payments exceeded the amount owed by $127.

The Grievance Commission in a brief written decision, which does not contain any findings of fact, found and ordered that the complaint against appellee should be dismissed. The Committee urges that, based upon appellee's own version of what occurred, the dismissal of the charges in the complaint involving willful failure to file income tax returns was not warranted. This argument is posited primarily on the Committee's belief that, on the undisputed facts, it has established all of the elements of willful failure to file recognized in *Committee on Professional Ethics and Conduct v. Crawford*, 351 N.W.2d at 532. The Committee also urges us, on our de novo review of the facts, to overturn the Grievance Commission's dismissal of the charge that appellee made false statements in the annual questionnaire filed with the Client Security and Disciplinary Commission on March 1, 1984.

I. *Alleged Willful Failure to File Income Tax Returns.*

■ Our review in proceedings of this kind is de novo. *Committee on Professional Ethics and Conduct v. Martin*, 375 N.W.2d 235, 237 (Iowa 1985); *Committee on Professional Ethics and Conduct v. Rogers*, 313 N.W.2d 535 (Iowa 1981). The findings and recommendations of the Grievance Commission are not binding, but we accord them respectful consideration. *Committee on Professional Ethics and Conduct v. Rabe*, 284 N.W.2d 234, 235 (Iowa 1979). The latter proposition is of limited applicability in the present case as a result of the absence of any findings of fact by the Commission.

The Committee urges that the evidence establishes without question that appellee was knowledgeable concerning the dates that his 1982 income tax returns were required to be filed, that he had no reason to believe he had any extension of time within which to file his Iowa return, and that he knew that the extension of time for filing his federal income tax return had expired. The Committee contends that, under the principles which we applied in *Crawford*, this knowledge is sufficient, in the absence of "insurmountable obstacles," to establish that the failure to file was willful. Appellee responds to these contentions by pointing out that the facts in *Crawford* involved multiple years and a twenty-nine-month delay in filing, as contrasted with the single year and less than six-month delay in filing in the present case.

■ Apart from the fact that appellee's contention is factually inaccurate with respect to the filing of his 1982 Iowa income tax return, for which no extension of time had been obtained, it is also unpersuasive

for other reasons. One may obviously be guilty of a willful failure to file the required return for a single tax year. It therefore may not seriously be argued that proof of willful failure to file for one year requires proof of failure to file for two years. Similarly, while the length of time involved in the filing delay may be significant if the elements of willfulness are not otherwise clearly present, it is not particularly significant where these elements are otherwise apparent. Appellee's arguments in the present case that his conduct was not willful are all premised upon facts indicating that he had no intent to avoid payment of his tax liability. As our decision in *Crawford* makes clear, however, an intent to avoid payment of the tax need not be shown in order for a nonfiling to be deemed willful for purposes of lawyer discipline proceedings.

Appellee also contends that our decision in *Crawford* resulted from our disbelief of the reasons which were given in that case for the late filing. Inherent in this argument, is the suggestion that we should find his version of the facts in the present case to be fully believable. The clear answer to this argument, however, is that appellee's reasons or justifications appear to be legally insufficient on their face to overcome his knowing failure to perform a legal duty that was within his power to perform.

■ The only colorable excuse offered by appellee is his reliance on a certified public accountant to protect his interests. The record only shows that the accountant advised appellee concerning potential civil penalties for the late filing. The accountant had no knowledge of the effect of the late filing under the standard of professional responsibility applicable to appellee. Nor did appellee have any justifiable expectation that the accountant was knowledgeable in this area.

One striking similarity between the facts in *Crawford* and the facts of the present case is present. We found that the excuses offered in *Crawford* were somewhat diluted by the fact that he promptly filed the delinquent returns soon after a visit to his office by an auditor of the Client Security and Disciplinary Commission. As we have indicated in the present case, appellee's 1982 federal and state income tax returns were mailed the day following a visit from an auditor of that agency. We find on our de novo review of the record that the Committee has established by a convincing preponderance of the evidence that appellee's failure to file his 1982 federal and Iowa income tax returns within the time required by law was willful and a violation of DR 1–102(A)(5), (6).

II. *False Statements on Client Security and Disciplinary Commission Questionnaire.*

As was the case with the charges of failure to file tax returns, our review of the Grievance Commission's decision concerning the false statements contained in the questionnaire filed by appellee with the Client Security and Disciplinary Commission is hampered by the absence of findings of fact. At the outset, we note a marked aversion to the premise on which appellee's argument on this issue before the Commission was based. The contention made there and also urged in this court is that a secretary in appellee's office incorrectly checked the "yes" box on the questionnaire in response to the question concerning the filing of income tax returns and that appellee signed the questionnaire and caused it to be filed without reading it.

■ It is the intent of Iowa Supreme Court Rules 121.4(b), (c) that the required responses be verified by the attorney as being accurate. Because of the importance which we place on the responses made to these questionnaires in the administration of our responsibilities for attorney discipline, we conclude that, if appellee in fact proceeded in the manner which is claimed, such conduct is itself a breach of professional responsibility of nearly equal magnitude with making a knowingly false answer. It would be exhalting form over substance to require the Committee, when faced with such a response, to amend its complaint so as to state a different charge. We find the facts surrounding this transac-

tion compel a finding that appellee violated Iowa Supreme Court Rules 121.4(b), (c) and DR 1–102A(4) in the filing of the questionnaire.

### III. *Disposition.*

As appropriate discipline for the breaches of professional responsibility found to have occurred, the court, by the vote of a majority (not including the writer who favors a lesser sanction), orders that the license to practice law of appellee, Stanley E. Munger, is hereby suspended for an indefinite period of time, with no possibility of reinstatement for six months from the date of the filing of this opinion. The suspension shall apply to all facets of the practice of law. Upon application for reinstatement, if any, appellee shall establish that he has refrained from all facets of the practice of law as designated in Iowa Supreme Court Rule 118.12 and has otherwise complied with those restrictions which our rules place upon suspended attorneys.

LICENSE SUSPENDED.

All Justices concur except WOLLE, J., who takes no part.