**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Alan R. BOHANAN, Respondent.**

No. 86–399.

Supreme Court of Iowa.

July 23, 1986.

James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

Alan R. Bohanan, Iowa City, pro se.

Considered by REYNOLDSON, C.J., and HARRIS, LARSON, SCHULTZ, and WOLLE, JJ.

HARRIS, Justice.

In this attorney disciplinary proceeding the respondent Bohanan is charged with failure to file his state and federal income tax returns for 1983. The returns eventually were filed but long after they were due. Bohanan filed his 1983 returns in late May 1985. He was granted an extension for the filing of his federal return only until August 15, 1984 and had received four letters from the internal revenue service inquiring why the returns had not been filed.

Bohanan claims, but cannot prove: (1) he believed at the time that he had extensions until May of 1985 and (2) he in fact mailed returns during March, only to have them returned to him unfiled because he neglected to sign them. The commission was not impressed with Bohanan's factual claims, nor are we. As the commission report pointed out, the respondent gives no good reason or justification why his returns were not filed within the time allowed. There is indeed no adequate explanation of why *any* extension was needed. There is no claim that Bohanan gave false answers regarding his filing under Iowa supreme court rules 121.4(b) and (c).

Respondent's failure to file his returns in a timely manner violated DR 1–102(A)(5) and (6) of the code of professional responsibility for lawyers. *Committee on Professional Ethics and Conduct v. Munger,* 375 N.W.2d 248, 251 (Iowa 1985); *Committee on Professional Ethics and Conduct v. Shifley,* 312 N.W.2d 558, 559 (Iowa 1981).

We suspend Alan R. Bohanan's license to practice law in the courts of this state indefinitely, with no possibility of reinstatement for three months from the filing of this opinion. The suspension shall apply to all facets of the practice of law. Upon application for reinstatement, respondent shall establish that he has refrained from all facets of the practice of law as designated in Iowa supreme court rule 118.12 and has otherwise complied with those requirements which our rules place upon suspended attorneys.

LICENSE SUSPENDED.