**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Gordon K. DARLING, Respondent.**

**No. 59496.**

Supreme Court of Iowa.

Feb. 16, 1977.

Lee H. Gaudineer, Jr., Des Moines, for complainant.

James E. Van Werden, Adel, for respondent.

RAWLINGS, Justice.

This is a disciplinary proceeding stemming from state income tax violations by respondent, Gordon K. Darling. The Grievance Commission, after due and proper hearing, has recommended his license to practice law in this state be suspended for a period of 12 months. We agree.

The factual situation is uncontradicted. For the years 1969, 1971, 1972, 1974 and 1975, respondent willfully failed to file state income tax returns. He also erroneously certified to our Client Security and Disciplinary Commission his 1974 and 1975 state returns had been duly filed.

In 1976 respondent was charged, by separate (county attorney's) informations with willful failure to file a state income tax return for each of the above stated five years, all in violation of Section 422.25(5), Code of Iowa. Respondent entered a guilty plea to every such charge. May 21, 1976, he was attendantly fined $250 on each of the aforesaid convictions.

June 22, 1976, respondent's license to practice law in Iowa was temporarily suspended by this court, pursuant to Court Rule 118.14.

As found by the Grievance Commission:

"It appeared from the evidence that the respondent, prior to this difficulty, was a respected and competent practicing attorney. From the many affidavits that were filed by various practitioners, judges, acquaintances and friends, there has never been any question with reference to the honesty, integrity or ability of the respondent.

"The respondent made no attempt to frustrate the investigation of the taxing authorities, and was fully cooperative with the taxing authorities. Following the plea of guilty by the respondent, he

was temporarily suspended by the Supreme Court in the month of June, 1976, and has not been practicing law since that date."

Although this speaks well for respondent and hopefully gives promise of future ethical and lawful conduct on his part, it cannot expiate the above described past transgressions.

Relevant guiding procedural precepts are now well established. See *Com. on Professional Ethics, etc. v. Kelly*, 250 N.W.2d 388 (Iowa 1976); *Com. on Professional Ethics, etc. v. Pieters*, 241 N.W.2d 1 (Iowa 1976).

Respondent's conduct violated Code § 610.24(3)(4) and Disciplinary Rule 1–102. His license to practice law is suspended indefinitely, with no possibility of reinstatement for 12 months from June 22, 1976, the date of his above noted temporary suspension.

Respondent's suspension shall apply to and include all facets of the ordinary law practice, including but not limited to examination of abstracts, consummation of real estate transactions, preparation of deeds, buy and sell agreements, contracts, wills and tax returns. Upon application for reinstatement respondent shall prove he has not practiced law during the suspension period.

LICENSE SUSPENDED.

All Justices concur, except REYNOLDSON, J., who takes no part.