COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

Thomas J. DAILEY, Respondent.

No. 85–470.

Supreme Court of Iowa.

July 31, 1985.

George H. Capps and Patrick W. O'Bryan of Comito & Capps, Des Moines, and Hedo M. Zacherle, Des Moines, for complainant.

Matthew J. Heartney, Jr., and Laura Goecke Burns of Belin, Harris, Heartney & Tesdell, Des Moines, for respondent.

UHLENHOPP, Justice.

■ In this attorney disciplinary proceeding, submitted on the record from the grievance commission, complainant Committee on Professional Ethics and Conduct

of the Iowa State Bar Association charges that respondent Thomas J. Dailey did not timely file his federal and Iowa income tax returns for 1981, and that he reported in his annual statement to the Iowa Client Security and Attorney Disciplinary Commission that he had filed the returns when he had not done so. The burden of proof is on complainant to establish its charges by a convincing preponderance of the evidence. *Committee v. Wollenzien*, 342 N.W.2d 490 (Iowa 1984).

I. The evidence establishes that respondent did not file the 1981 returns in question until November 1983, after he had been questioned by an auditor from the client security commission. The record also establishes that respondent had filed quarterly estimates for 1981 federal and Iowa taxes in 1981 and January 1982, and that in April and June 1982 he had filed requests for extensions of time to file the 1981 returns and had paid additional taxes. As of June 1982 he had total credits for 1981 of $15,050 against the federal tax and $3,200 against the Iowa tax.

When respondent filed his 1981 returns in November 1983, he paid the Internal Revenue Service $8068 additionally and the State of Iowa $221 additionally. Subsequently he paid $4,599.03 and $110.48 respectively to discharge his liabilities in full for 1981.

We note that in 1982 and January 1983 respondent filed quarterly estimates for 1982, and in April 1983 he filed for extensions on the 1982 returns and made additional payments. For that year, 1982, he ultimately received refunds of $6058 (federal) and $2876 (Iowa).

On February 28, 1983, respondent filed his annual report with the Client Security Commission stating that he had filed his 1981 federal and Iowa returns, although they had not been filed.

At the time of the grievance commission hearing in January 1985, respondent was seventy years of age. Since October 1981 he had been relatively inactive in practice, shifting clients to other attorneys in the office and spending his time culling out files in an upstairs room over the regular office. He also experienced medical problems and underwent at least one major surgery. In October 1984 he filed with the client security commission his application for exemption, as he does not intend to practice law any longer.

The grievance commission made the following additional filings, which the evidence supports:

Respondent's failure to timely file the Returns and the incorrectness of his answer on the Questionnaire that he had filed those Returns, include his age (he was 70 at the time of the hearing), medical problems that had some limiting effect on his mental faculties, and his assumption, mistaken as it was, that the payments made as Estimates and with the Extensions, were enough to pay both State and Federal tax liability for the year 1981, as had occurred for the year 1982. Also, Respondent did less than 10 simple Income Tax Returns for clients during each of the last several years of his practice and did not prepare his own Returns; his regular tax preparer advised in April of 1982 that he could not do Respondent's 1981 Returns, after which Respondent failed to arrange with another tax preparer to have the Returns in question prepared until after being contacted by Archie L. Hindal, Auditor for the Client Security and Attorney Disciplinary Commission, who inquired as to the filing of the 1981 State and Federal Returns by Respondent.

During many years preceding the incidents in the Complaint, Respondent maintained the highest standards of personal and professional conduct, having served his country during World War II, his community in various projects and capacities and having maintained and earned the highest respect among fellow lawyers and judges.

On the record presented to us we find that the committee established its charges relative to failing to file 1981 returns on time and to giving incorrect answers in the client security report for that year. Re-

spondent violated EC 1–5 of the Code of Professional Responsibility and Iowa Court Rules 121.4(b)(1) and 121.4(c)(1).

■ II. We have frequently stated the considerations applicable to selection of an appropriate disposition in these cases. Among our recent decisions are *Committee v. Crawford*, 351 N.W.2d 530 (Iowa 1984); *Committee v. McKey*, 343 N.W.2d 489 (Iowa 1984); *Committee v. Wollenzien*, 342 N.W.2d 490 (Iowa 1984); and *Committee v. Nordenson*, 284 N.W.2d 233 (Iowa 1979). The committee argued before the commission that respondent should be disciplined. The commission recommended a reprimand.

Upon consideration of the circumstances presented and upon review of our decisions, we suspend respondent's license to practice law in Iowa indefinitely without right to apply for reinstatement for a period of one year from the filing of this opinion. The suspension applies to all facets of the practice of law, Iowa Court Rule 118.-12, and any application for reinstatement will be governed by Iowa Court Rule 118.-13.

LICENSE SUSPENDED.

All Justices concur except SCHULTZ and CARTER, JJ., who dissent.

HARRIS and McCORMICK, JJ., who take no part.

SCHULTZ, Justice (dissenting)

I would adopt the grievance commission recommendation of a reprimand with one additional condition. If respondent sought reinstatement to the active practice of law, in addition to the other requirements of the regulations for the reinstatement of an inactive practitioner, I would require that respondent demonstrate to this court that he had sufficiently regained his physical and mental health to allow him to resume the active practice of law.

CARTER, J., joins this dissent.