**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Fred S. NORDENSON, Respondent.**

**No. 61724.**

Supreme Court of Iowa.

Oct. 17, 1979.

Roger J. Kuhle, Des Moines, for complainant.

LARSON, Justice.

This is a proceeding to review the findings and recommendations of the Grievance Commission. The Commission found that the respondent had failed to file both Iowa and federal income tax returns for the years 1972 through 1976 and that he filed false answers in his Client Security and Attorney Disciplinary Commission questionnaires for 1973 and 1974. The Commission recommended that the respondent be suspended from the practice of law for a period of eighteen months.

There is no indication the respondent contested the charges at the commission hearing, and he has not filed a statement of exceptions to the Commission's findings or appealed to this court. *See* Iowa Sup.Ct.R. 118.11.

The failure to file income tax returns involves moral turpitude. *Committee on Professional Ethics & Conduct v. Bromwell*, 221 N.W.2d 777, 780 (Iowa 1974). The filing of knowingly false statements also involves moral turpitude. *See Committee on Professional Ethics & Conduct v. Lemon*, 237 N.W.2d 824, 825 (Iowa 1976). These instances of misconduct violate 26 U.S.C. § 7203, § 422.25(5), The Code, Iowa Sup. Ct.R. 121.4(b)–(c), and Disciplinary Rules 1–102(a)(1), (4)–(6).

Respondent's license to practice law is suspended indefinitely with no possibility of reinstatement for eighteen months. This suspension shall apply to all facets of the practice of law. *See* Iowa Sup.Ct.R. 118.12. Upon application for reinstatement, respondent shall prove that he has performed no legal services during the suspension. His application for reinstatement, if any, shall follow Iowa Sup.Ct.R. 118.13.

LICENSE SUSPENDED.