COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

David WOLLENZIEN, Respondent.

No. 83–1210.

Supreme Court of Iowa.

Jan. 18, 1984.

Frank A. Comito and George H. Capps, of Comito & Capps, and Hedo M. Zacherle, Des Moines, for complainant.

David Wollenzien, Manson, pro se.

WOLLE, Justice.

In this attorney disciplinary proceeding the grievance commission found that respondent David Wollenzien had committed federal and state income tax violations and had given false answers in the questionnaires he filed with the client security and disciplinary commission. One grievance commissioner on the panel reporting to us recommended that respondent's license to practice law be suspended for ninety days; the other commissioners on the panel recommended a one year suspension. We find that a convincing preponderance of the evidence supports the report of violations by respondent and warrants a suspension of respondent's license for no less than one year.

We review de novo the record made before the commission; we give respectful consideration to the commission's findings and recommendations though they are not binding on us. *Committee on Professional Ethics and Conduct v. Freed*, 341 N.W.2d 757, 758 (Iowa 1983). If we find that the complainant has established its charges by a convincing preponderance of the evidence we select appropriate discipline. Our task is to consider not only the respondent's fitness to continue practicing law but also the importance of deterring others from similar conduct and assuring the public that courts will maintain the ethics of the legal profession. *Committee on Professional Ethics and Conduct v. Rabe*, 284 N.W.2d 234, 235 (Iowa 1979); *Committee on Professional Ethics and Conduct v. Bromwell*, 221 N.W.2d 777, 779–80 (Iowa 1974).

We first address the income tax charges, then the charge that statements in the questionnaire were false. Although respondent has filed neither an answer to the original complaint against him nor any

brief in these proceedings, he did testify at the hearing before the grievance commission.

I. Respondent admitted that he did not file Iowa income tax returns for 1978, 1979, and 1980 within the time permitted by Iowa law. The evidence convincingly shows that those returns were not filed until February 25, 1982. By then the Iowa department of revenue had already made contact with him about his failure to file for those tax years. The failure to timely file an Iowa income tax return, a violation of Iowa Code section 422.25(5), is a fraudulent practice. Respondent attempted to explain his delinquent filing of those returns by relating several experiences he had had while preparing about fifty state income tax returns each year for his clients. Apparently several of his clients had not been prosecuted for filing delinquent returns, leading respondent to reflect,

> "I guess, in retrospect, I failed to realize the consequences of my act, the severity of my action. I today realize those consequences."

That weak explanation gives us no pause in imposing discipline for his willful noncompliance with the statutory filing requirements. *See* Iowa Code § 422.13 (1979); *Committee on Professional Ethics and Conduct v. Sylvester,* 221 N.W.2d 803, 804 (Iowa 1974) (attorney's mistaken belief that revenue department had policy of nonenforcement does not mitigate gravity of offense).

II. Respondent orally denied the charge that he had failed to file federal income tax returns for the years 1978 and 1980. The committee, however, found that the evidence convincingly established that charge. Complainant relied upon a letter from the internal revenue service, admitted without objection, which disclosed that as of May 7, 1982, it had no record of a return filed by or for respondent for calendar years 1978 and 1980. Though protesting that the letter must be in error, respondent failed to offer credible evidence rebutting its message. He could have obtained copies of bank records showing his receipt of any refund due him or payment by check of any

tax due, but he made no effort to do so. The documents he did introduce in evidence—unsigned handwritten purported copies of the returns and a receipt for some of his personal records—are entitled to little weight when measured against the complainant's proof. Although respondent's petition for rehearing establishes that he filed a 1980 federal income tax return, that return was not filed within the time permitted by federal law. We find that respondent willfully failed to file federal income tax return in violation of federal law for the year 1978 and did not file a timely federal income tax return for the year 1980. That conduct also warrants discipline.

III. In completing and filing the client security commission questionnaire in 1980, 1981, and 1982, respondent certified that he had filed his federal and state income tax returns for each preceding year. Respondent on cross-examination admitted that his certified answers were incorrect with respect to his 1978 and 1979 Iowa income tax returns, but asserted that he correctly reported filing of his 1978 and 1980 federal income tax returns. For the reasons given in division II we find from the evidence that respondent had not filed his 1978 federal return when he certified that he had filed it. We conclude that respondent's false answers in his filed questionnaires violated Court Rule 121.4(b), (c) and constituted conduct for which he should be disciplined.

IV. In determining what discipline is appropriate in this case we take particular note of the false answers respondent filed with the client security commission, which aggravated his violation of federal and state tax laws. Under the evidence presented in this case, and following the precedent of our previous decisions involving similar violations of tax laws and court rules, we conclude that respondent's license should be suspended for a minimum of one year. *See, e.g., Committee on Professional Ethics and Conduct v. Nordenson,* 284 N.W.2d 233, 234 (Iowa 1979); *Committee on Professional Ethics and Conduct v. Shepard,* 271 N.W.2d 700, 702 (Iowa 1978).

We suspend David Wollenzien's license to practice law in the courts of this state indefinitely. During that period of suspension he shall refrain from the practice of law as that term is defined in Court Rule 118.12. His license shall not be reinstated for at least one year, with any application for reinstatement governed by Court Rule 118.13.

LICENSE SUSPENDED.

All Justices concur except REYNOLDSON, C.J., who takes no part.