COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

**J. Ramsay McKEY, Respondent.**

No. 83–1424.

Supreme Court of Iowa.

Feb. 15, 1984.

Frank A. Comito and George H. Capps of Comito & Capps, and Hedo M. Zacherle, Des Moines, for complainant.

J. Ramsay McKey, Garner, pro se.

McGIVERIN, Justice.

This is a proceeding to review the findings and recommendation of our Grievance Commission pursuant to Iowa Court Rule 118.10. After evidentiary hearing, the Commission found that respondent J. Ramsay McKey had failed to file both Iowa and federal income tax returns for 1979, 1980 and 1981. In addition, the Commission found that he made false answers to his Client Security and Attorney Disciplinary Commission questionnaires for 1981 and 1982 in regard to filing his 1979 and 1980 tax returns. The Grievance Commission recommended that respondent be suspended from the practice of law for a period of three years.

Respondent filed an answer denying the charges enumerated in the complaint of the Committee on Professional Ethics and Conduct of the Iowa State Bar Association. However, he did not answer the request for admissions of the Committee. The request encompassed in substance all of the material factual allegations of the complaint. Matters in a request for admissions may be relied upon if not denied or otherwise objected to by a party. *Committee on Professional Ethics and Conduct v. Freed,* 341 N.W.2d 757, 759 (Iowa 1983); *Committee on Professional Ethics and Conduct v. Roberts,* 246 N.W.2d 259, 261 (Iowa 1976). *See* Iowa R.Civ.P. 127, 128.

Respondent took no appeal from the report of the Commission to this court. See Iowa Court Rule 118.11.

We still review de novo the record made before the Grievance Commission, determine the matter, and take appropriate action thereon. Iowa Court Rule 118.10. "The Committee has the burden of proof to establish by a convincing preponderance of the evidence that respondent has violated the code of professional responsibility as charged. This burden amounts to less than is required in a criminal prosecution, but is greater than is required in a civil suit." *Committee on Professional Ethics and Conduct v. Brodsky*, 318 N.W.2d 180, 182 (Iowa 1982).

We agree with the Commission that respondent failed to file Iowa and federal income tax returns for 1979, 1980 and 1981, although required by statutes to do so. Respondent also knowingly and falsely certified in his 1981 client security commission questionnaire that he had filed his 1979 Iowa and federal income tax returns.

However, we find, unlike the Grievance Commission, that on his 1982 client security commission questionnaire, respondent asserted his right under U.S. Const. Amend. V to refuse to answer the questions thereon concerning whether he had filed his 1980 Iowa and federal income tax returns. Therefore, this was not a false answer.

The failure to file income tax returns involves moral turpitude. *Committee on Professional Ethics and Conduct v. Nordenson*, 284 N.W.2d 233, 234 (Iowa 1979). The filing of knowingly false statements also involves moral turpitude. *Id.*

These instances of misconduct involving the failure to file the income tax returns and the false statement on the 1981 client security commission questionnaire violate 26 U.S.C. § 7203, Iowa Code section 422.25(5), Iowa Court Rule 121.4(b)–(c), and the following provisions of the Iowa Code of Professional Responsibility for Lawyers: EC 1–1, EC 1–2, EC 1–5, DR 1–102(A)(1), (3)–(6), EC 9–1, and EC 9–6.

Respondent had practiced law in Garner until he was suspended by this court on July 14, 1982, due to his failure to timely file client security commission questionnaires and to pay when due the assessments to the Client Security Fund as required by Iowa Court Rule 121.3. He also was suspended on the same date due to his failure to comply with Iowa Court Rule 123.4 in failing to timely file the required written report to our Commission on Continuing Legal Education. He has remained suspended and not practiced law since that date.

Based on the record made before the Grievance Commission, we suspend respondent's license to practice law in the courts of this state indefinitely without reinstatement for a period of two years from the date of filing of this opinion and until this court has approved a written application for reinstatement. Respondent also must correct the deficiencies that were the cause of respondent's suspension since July 14, 1982. This suspension shall apply to all facets of the practice of law. *See* Iowa Court Rule 118.12. Any application for reinstatement shall be governed by Iowa Court Rule 118.13.

LICENSE SUSPENDED.