**COMMITTEE ON PROFESSIONAL
ETHICS and Conduct of the
Iowa State Bar Association, Complainant,**

v.

**Richard R. JONES, Respondent.**

No. 84–1264.

Supreme Court of Iowa.

May 22, 1985.

Frank A. Comito and Patrick W. O'Bryan, Des Moines, for complainant.

John R. Sandre and Richard O. McConville of Scalise, Scism, Sandre & Uhl, Des Moines, for respondent.

HARRIS, Justice.

Respondent, an attorney, failed to file his Iowa income tax returns for 1979, 1980, and 1981. He nevertheless certified he had done so in his 1981, 1982, and 1983 annual statements and questionnaire to the client security and attorney disciplinary commission. As an outgrowth of his failure to file returns respondent pled guilty in district court to one of three counts of fraudulent practices (third degree), in violation of Iowa Code sections 422.25(5), 714.8(10) and 714.-11(1) (1983).

The factual background follows an altogether familiar but always puzzling pattern. At the sentencing hearing in district court respondent's counsel explained that, during the three-year period, respondent's practice

> in Bedford was in considerable turmoil, as were his record-keeping methods .... He was aware of the fact that the returns had to have been filed and [it] basically just got away from him for a period of time .... He was unable to do so because of the pressure of his practice and the things that were going on around him at the time.

In an age of computerized records the chances of a tax evader being found out and brought to justice would seem to approach mathematical certainty. Apparently the respondent was aware of this but nevertheless opted for violation and compounded the act by false certifications to our commission. It seems unexplainable why any lawyer, even if otherwise so inclined, would take such a course in view of the certainty of discovery and the inevitability of a severe professional sanction.

■ As our cases will indicate, we are determined to continue to impose sanctions and, if necessary to end tax violations by members of the profession, to increase the periods of suspension. We of course make no distinction between federal and state income tax violations. *Committee on Professional Ethics v. Sylvester,* 221 N.W.2d 803, 804 (Iowa 1974).

■ Respondent's failure to file returns violated EC 1–5, EC 9–6, and the disciplinary rules we have listed in prior opinions on the subject. *See Committee on Profes-*

*sional Ethics v. Crawford,* 351 N.W.2d 530, 531–32, and cases there cited. The false answers to the questionnaire violated court rule 121.4(b) and (c). The respondent should be disciplined.

Respondent's license to practice law is suspended indefinitely. During this period he must refrain from the practice of law as that term is defined in court rule 118.12. His license shall not be reinstated for at least fifteen months from September 17, 1984, the date his license was temporarily suspended by prior order. Any application for reinstatement shall be governed by court rule 118.13.

LICENSE SUSPENDED.

All Justices concur except REYNOLD-SON, C.J., who takes no part.