**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Appellee,**

v.

**Robert L. ULSTAD, Appellant.**

**No. 84–1103.**

Supreme Court of Iowa.

Nov. 13, 1985.

Robert L. Ulstad, Fort Dodge, pro se.

George H. Capps of Comito & Capps, Des Moines, for appellee.

SCHULTZ, Justice.

This disciplinary action arises from attorney Robert L. Ulstad being convicted of submitting a fraudulent and false federal tax return for the 1977 tax year. Our grievance commission concluded that Ulstad was guilty of ethical misconduct and recommended that his license be suspended for a period of one year. Ulstad (appellant) appeals from the commission's recommendation asserting that less severe discipline should be imposed. Our review on appeal is de novo pursuant to Iowa Supreme Court Rule 118.11.

The basic facts in this proceeding are undisputed. On April 9, 1984, a federal grand jury indictment was filed against appellant. On July 5, 1984, in the United States District Court for the Northern District of Iowa, Central Division, appellant entered a guilty plea to Count IV. Count IV charged:

> That on or about April 14, 1978, in the Northern District of Iowa, ROBERT L. ULSTAD, a resident of Fort Dodge, Iowa, did wilfully and knowingly make and subscribe a 1040 Income Tax Return, which was verified by a written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which return he did not believe to be true and correct as to every material matter in that the return understated tax table income, in part by claiming depreciation on an automobile and a rental house, and by overstating interest expense whereas, as he then and there well knew and believed, the automobile had been depreciated out, the rental house had been sold, and that the interest expense was substantially less than claimed.

> This is in violation of 26 USC, Section 7206(1).

The federal court accepted appellant's plea of guilty to Count IV which was pursuant to a plea agreement. The court imposed a sentence of imprisonment for one year and a fine of $5,000. However, it suspended his prison sentence and instead placed him on three years probation and ordered him to complete 300 hours of community service work. Under a community service plan worked out with the Iowa State Department of Human Services, the appellant currently provides legal representation for indigents.

At the disciplinary hearing appellant presented evidence attempting to mitigate the seriousness of his offense and nullify the necessity of a suspension. While the Committee on Professional Ethics and Conduct did not rebut this evidence, in our review we must determine the extent, if any, that such evidence excuses appellant's outright admission of tax fraud or relieves the necessity of the recommended suspension.

At the hearing in December 1984 appellant testified that he was 57 years old and had practiced law since 1951. He testified he was a solo practitioner engaged in a general practice of law with an emphasis in the areas of worker's compensation claims and other litigation. Appellant's worker's compensation practice caused him to travel a great deal. In April 1977, while returning from business in Des Moines, appellant suffered a bleeding gastric ulcer that required hospitalization and a long recuperation period. He was required to

stay out of his office and continued on medication through 1978 and 1979. The medication included a drug to allay emotional stress. His doctor testified that the medicine could slow thought processes in general and have a sedative effect on a patient. Additionally, appellant presented evidence that illnesses to other family members had created substantial family problems during this period of time.

Appellant testified that although he had a very busy law practice, he additionally owned and managed real estate and rental properties. Another lawyer in his city testified about appellant's law practice and indicated appellant had provided his share of pro bono work. While he praised appellant's legal ability and integrity, he criticized appellant's reliance upon his office staff and indicated appellant was not well-organized. Appellant admitted that he later learned an office employee had made some bookkeeping mistakes; however, these mistakes involved incorrect posting of income and were not directly relevant to count IV of the federal indictment.

In its findings of fact the commission noted that appellant had "enjoyed the reputation of being a competent attorney of sound character." The commission concluded, however, that the actions and conduct of appellant in knowingly and willfully filing a false income tax return constituted unethical and unprofessional conduct in violation of the following sections of the Iowa Code of Professional Responsibility for Lawyers: EC 1–5 (lawyers shall refrain from all illegal conduct); EC 9–6 (lawyers have the duty to uphold the integrity and honor of the profession and conduct themselves accordingly); and DR 1–102(A)(1), (3), (4), (5) and (6) (defining acts of misconduct). Appellant does not challenge this conclusion and we adopt it. We now turn to the contested issue, the appropriate sanction to be imposed.

Appellant urges that the sentence of 300 hours of community service imposed by the federal court should be adopted and embraced by this court. Additionally, he offers to complete additional community service hours, suggesting that this imposition would be an enlightened approach toward improving the image of lawyers. Finally, appellant maintains his case differs from other lawyer tax return cases in that he had filed all the required tax returns and made no false certifications to the client security commission.

In imposing sanctions, we are guided by certain principles. Although this court is not bound by the recommendations of the commission, we give respectful consideration to them. *Committee on Professional Ethics and Conduct v. Freed,* 341 N.W.2d 757, 758 (Iowa 1983). However, it is our responsibility to determine and impose the proper discipline for violations of any provision of the Iowa Code of Professional Responsibility for Lawyers. Iowa Supreme Court Rule 118.10. In determining the appropriate discipline, we consider not only the lawyer's fitness to continue practicing law but also the importance of deterring others from similar conduct and assuring the public that courts will maintain the ethics of the legal profession. *Committee on Professional Ethics and Conduct v. Wollenzien,* 342 N.W.2d 490, 490 (Iowa 1984).

In this case the appellant took unwarranted deductions which decreased the amount of his tax liability. Under oath at the plea proceedings in federal court the appellant stated, "I filed an intentional false statement for the tax year of 1977." Further, he admitted that at the time he filed the return he knowingly and willfully believed the return was not correct. Health problems do not excuse this deliberate act. We have noted that, "[i]t is as wrong for a lawyer to cheat the government as it is for him to cheat a client." *Committee on Professional Ethics and Conduct v. Strack,* 225 N.W.2d 905, 906 (Iowa 1975).

We have carefully considered the criminal sentence imposed by the federal court and we have no quarrel with it. However, we decline to accept appellant's invitation to adopt and embrace the terms of probation imposed by the federal court.

In a disciplinary proceeding we have a responsibility that differs from that of a sentencing court in a criminal case. We have a duty to make certain the public has access to "independent professional services of a lawyer of integrity and competence." Iowa Code of Professional Responsibility for Lawyers EC 1–1. In addition to educational or professional competence, the public should be protected from those who are not qualified to be lawyers because of a deficiency in moral standards. EC 1–2.

Appellant urges that in reviewing the license suspension recommendation we should consider its impact on his clients. He testified before the commission that the size of his practice has actually increased, rather than decreased, since his tax fraud conviction in federal court. Appellant asserts that if his license is suspended it would undoubtedly work a hardship on his clients and tarnish the clients' image of lawyers because their cases would have to be transferred to other lawyers. He suggests that imposing community service hours would satisfy the issue of discipline by this court while also benefiting his clients.

 Disciplining a lawyer for dishonesty by merely requiring the lawyer provide free legal services would communicate an improper message. It would inform other lawyers and the public in general that we will permit a lawyer who has committed an act involving fraud to continue to practice law with the act having no adverse effect on his ability to practice. While we recognize that a license suspension imposes a hardship on appellant's present clients, this hardship is substantially outweighed by our general duty to ensure to the public that attorneys who do represent them possess integrity. We believe this duty requires us to impose a suspension of appellant's license which will not be reinstated until we are certain that a reoccurrence of such dishonest acts is not likely.

We do, however, take notice of appellant's long record of good service to his clients and his reputation for honesty in his dealings with his clients in determining the minimum period of suspension. These factors determine the likelihood of a reoccurrence of the acts of dishonesty. We agree with the commission's recommendation that appellant's license be suspended for one year.

We order that appellant's license to practice law in the courts of this state, as that term is defined in Iowa Supreme Court Rule 118.12, be suspended indefinitely with no possibility of reinstatement for one year from the date of filing this opinion. Upon application for reinstatement the appellant must prove he has not practiced law during the suspension period and has otherwise complied with those restrictions which our rules place upon suspended attorneys.

LICENSE SUSPENDED.

All Justices concur except McCORMICK, J., who takes no part.