COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Complainant,

v.

John J. PIAZZA, Respondent.

No. 85-346.

Supreme Court of Iowa.

June 18, 1986.

George H. Capps of Comito & Capps, Des Moines, and Hedo M. Zacherle, Des Moines, for complainant.

William L. Kutmus, Des Moines, for respondent.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, CARTER, and WOLLE, JJ.

REYNOLDSON, Chief Justice.

This is an attorney disciplinary case arising out of respondent's failure to file Iowa income tax returns. Upon de novo review of our Grievance Commission's report, we suspend his license indefinitely with no possibility of reinstatement for twelve months from the date of this decision.[1]

At the hearing the complainant, Committee on Professional Ethics and Conduct, produced a convincing preponderance of the evidence to support the Grievance Commission's subsequent finding that the respondent, John J. Piazza, violated Iowa's revenue laws by failing to file Iowa income tax returns for the years 1980, 1981, and 1982. The commission was justified in finding those returns were not filed until January 1984, after respondent had been notified by the Iowa Department of Revenue on at least two occasions that no tax returns were on file. A convincing preponderance of the evidence also supports the commission's finding that respondent falsely certified on two questionnaires to the Client Security and Attorney Disciplinary Commission of the Supreme Court that he had filed an Iowa income tax return in 1980, and in 1981.

We hold respondent's failure to file state income tax returns in a timely manner for the years 1980 to 1982 violated EC 1–5, DR 1–102(A)(1), (4), (5), and (6). *See, e.g., Committee on Professional Ethics & Conduct v. Vasey*, 373 N.W.2d 146, 147 (Iowa 1985); *Committee on Professional Ethics & Conduct v. McKey*, 343 N.W.2d 489, 490 (Iowa 1984). By falsely certifying that he had filed for the tax years 1980 and 1981, respondent violated DR 1–102(A)(4), and Iowa Supreme Court Rule 121.4(b) and (c).[2] *See, e.g., Committee on Professional Ethics & Conduct v. Dailey*, 372 N.W.2d 246, 247–48 (Iowa 1985); *McKey*, 343 N.W.2d at 490; *Committee on Professional Ethics & Conduct v. Wollenzien*, 342 N.W.2d 490, 491 (Iowa 1984).

We determine the discipline to be imposed based on the facts of each case. *Committee on Professional Ethics & Conduct v. Rogers*, 313 N.W.2d 535, 537 (Iowa 1981). Nevertheless, our previous cases have made clear that "we are determined to continue to impose sanctions and, if necessary to end tax violations by members of the profession, to increase the periods of suspension." *Committee on Professional Ethics & Conduct v. Jones*, 368 N.W.2d 157, 157 (Iowa 1985).

We suspend respondent's license to practice law indefinitely with no possibility of reinstatement for twelve months. This suspension shall apply to all facets of the law practice. Iowa Sup.Ct.R. 118.12. Upon application for reinstatement, respondent shall have the burden to prove that he has not practiced law during the period of suspension and that he meets the requirements of Iowa Supreme Court Rule 118.13.

LICENSE SUSPENDED.

---

1. Respondent is currently under a suspension imposed by this court on December 16, 1985, for failure to comply with Iowa Supreme Court Rule 123.4.

2. We previously have indicated that such conduct violates EC 9–1 and 9–6. *See, e.g., Vasey*, 373 N.W.2d at 147; *McKey*, 343 N.W.2d at 490. The complaint, however, did not charge respondent with a violation of those sections. Thus, we decline to consider whether those provisions, although mentioned in the committee's brief, were violated here. *See Committee on Professional Ethics & Conduct v. Steensland*, 376 N.W.2d 615, 618 (Iowa 1985); *Committee on Professional Ethics & Conduct v. Coddington*, 360 N.W.2d 823, 826 (Iowa 1985).