COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

William D. BLOMKER, Respondent.

No. 86–690.

Supreme Court of Iowa.

Aug. 20, 1986.

James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Hedo M. Zacherle, Des Moines, for complainant.

William D. Blomker, Humboldt, pro se.

LAVORATO, Justice.

The Grievance Commission found that William D. Blomker knowingly and willfully failed to file his state income-tax returns, and that he falsely certified to such filings in client-security questionnaires. They recommended suspending his license to practice law for not less than twenty-four months. We believe, however, his conduct justifies revocation of his license. *See* Iowa Sup.Ct.R. 118.10.

In November, 1984, an auditor of the Client Security and Disciplinary Commission examined Blomker's trust account. He asked Blomker to verify his income-tax filings, but Blomker did not give any information. The auditor repeated this request a month later in a letter to Blomker. He received no response.

Shortly thereafter, the client-security commission requested the department of revenue to provide the information. The department responded that Blomker had not filed returns for 1981, 1982, and 1983.

In January, 1985, the client-security commission requested verification from Blomker. It received no response.

The following month, in response to another request from the client-security commission, the department of revenue said it had no record that Blomker filed returns for 1980, 1981, 1982, and 1983.

The client-security commission again wrote to Blomker and advised him of the department of revenue's response. It also advised him that its information thus conflicted with the answers in his client-security questionnaires. The commission requested he either verify the filing of his returns or give an explanation.

Two days after this letter, Blomker signed a questionnaire certifying that his 1983 return had been filed.

Receiving no response to its letter, the client-security commission wrote to Blomker again and requested verification or explanation. It received no response.

I. *Violations.*

The evidence supports the Grievance Commission's finding that Blomker knowingly and willfully failed to file his returns on time. He did not file his 1980, 1981, 1982, and 1983 returns until 1985. His excuse was an inability to borrow money to pay the taxes. The evidence also supports the finding that he falsely certified filing these returns in his client-security questionnaires. This conduct violates Iowa Code of Professional Responsibility for Lawyers DR 1–102(A)(1) (violating a disciplinary rule), (5) (engaging in conduct prejudicial to administration of justice), (6) (engaging in conduct adversely reflecting on fitness to practice law), and EC 1–5 (failing to maintain high standards of professional conduct).

II. *Committee's failure to join complaints.*

In *Committee on Professional Ethics and Conduct v. Blomker*, 379 N.W.2d 19, 23 (Iowa 1985), we suspended Blomker's license to practice law for six months because he mishandled a postconviction action, an estate, and an appeal.

At the hearing in this case, Blomker questioned the committee's authority to file separate complaints against him. He main-

**154**

tained the committee was aware of his failure to file the returns when the first disciplinary proceeding was started. The committee argued two complaints were needed because of Blomker's repeated failure to provide verification and a difference in procedure between it and the client-security commission.

Although it is true Blomker did not cooperate, we believe the committee had enough information to join the complaints. Combining them would have avoided piecemeal litigation. The fact remains, however, that we did not consider Blomker's failure to file timely returns or his false certifications in the first disciplinary proceeding.

III. *Sanction.*

In imposing sanctions, we are guided by certain principles. Although this court is not bound by the recommendations of the commission, we give respectful consideration to them.... In determining the appropriate discipline, we consider not only the lawyer's fitness to continue practicing law but also the importance of deterring others from similar conduct and assuring the public that courts will maintain the ethics of the legal profession.

*Committee on Professional Ethics and Conduct v. Ulstad,* 376 N.W.2d 612, 614 (Iowa 1985) (citations omitted).

Pending our review of this report by the commission, Blomker was publicly reprimanded for failing to make timely filings in probate matters, to remove delinquencies after receiving notice, and to respond to a notice of complaint. *See generally* Iowa Sup.Ct.R. 118.3. We consider the reprimand together with the present violations and prior suspension in determining the appropriate discipline. *See Committee on Professional Ethics and Conduct v. Jackson,* 391 N.W.2d 699, 704–705 (Iowa 1986). Our conclusion is that Blomker's license to practice law must be revoked.

LICENSE REVOKED.

All Justices concur except NEUMAN, J., who takes no part.