**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**L.G. KLEIN, Respondent.**

**No. 86–841.**

Supreme Court of Iowa.

Oct. 15, 1986.

Kasey W. Kincaid of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., and Hedo M. Zacherle, Des Moines, for complainant.

Mark W. Bennett of Babich, Bennett and Nickerson, Des Moines, for respondent.

WOLLE, Justice.

Respondent conceded during the disciplinary proceeding heard by a panel of the Grievance Commission (commission) that he had committed the several interrelated violations charged by the Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee). Respondent knowingly and willfully failed to file his Iowa and federal income tax returns for the years 1982 and 1983 until after they were long overdue; he also intentionally withheld executing his 1984 and 1985 combined statement and questionnaire from the Client Security and Attorney Disciplinary Commission until he could verify that the income tax returns in question had been filed. The commission has recommended in its report that we suspend respondent's license to practice law for the relatively short period of thirty days. The commission based that recommendation on favorable testimony about respondent's character, concern that a longer suspension would decimate his law practice, and its finding that the violations harmed no one and involved no moral turpitude. We conclude from our de novo review of the record that a longer period of suspension is appropriate. We suspend respondent's license to practice law indefinitely with no possibility of reinstatement for nine months from the date of this decision.

The record developed before the commission consisted of respondent's admission of facts underlying the charged violations, together with testimony he presented concerning his character for honesty and the general nature of his law practice. Respondent is a sixty-one year old attorney-farmer who has been practicing law in and near Iowa City for nearly thirty years. He does not have a large office practice and does no tax work, concentrating instead on criminal law, family law and litigation arising out of automobile accidents. Although he is a sole practitioner, respondent estimated that at the time of the hearing before the commission he had about 250 pending cases. He has a reputation among his peers for honesty and integrity, and he is generally regarded as an aggressive advocate for his clients.

Respondent emphasized that his clientele includes many persons who, for financial reasons or otherwise, could not obtain representation from other members of the local bar. In respondent's own words, he has gotten into the habit of

> just helping everybody or representing everybody and being available, too busy I guess to send out bills, and then of course as time goes on I just never felt like saying no. I tried to help people out and a lot of people don't have the money, so I say I'll catch you the next time, and if they don't have it you represent them and you do it on a free basis and perhaps some time they'll help you out.

He testified that over the last five years, thirty to thirty-five percent of his work has been pro bono.

■ Respondent did not file his federal and Iowa income tax returns for the tax years 1982 and 1983 until nearly eleven months after the expiration of the extensions of time he had received for filing each return. The record shows that respondent's income for the years 1982 and 1983 far exceeded the amounts which mandated filing of returns. His failure to file those returns by the dates they were due violated several provisions of the Iowa Code of Professional Responsibility for Lawyers: EC 1–5, EC 9–6, and DR 1–102(A)(1), (3), (4), (5), and (6). *See Committee on Professional Ethics & Conduct v. Piazza,* 389 N.W.2d 382, 383 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Vasey,* 373 N.W.2d 146, 147 (Iowa 1985); *Committee on Professional Ethics & Conduct v. Lawler,* 342 N.W.2d 486, 489 (Iowa 1984).

Before the commission, respondent emphasized that he owed no additional tax on the dates when the tax returns were due because he had paid some income tax in advance and was entitled to refunds for payment of federal gasoline taxes. He argued that his late filings therefore did not damage the public. Asked why he had filed his returns late, he testified:

I guess it's a number of reasons. One, I knew I had a loss; two, I knew there was no tax liability. I felt that if there was no tax due, tax liability, there would be no penalty or interest. Work load, did not feel that there was anything unethical about it. If you didn't have a tax liability, I didn't feel that there was anything unethical about it or anything dishonest.

Respondent's testimony is troubling, suggesting that he either has ignored or refused to accept what this court repeatedly has held in similar cases. In *Committee on Professional Ethics & Conduct v. Bromwell*, 221 N.W.2d 777, 780 (Iowa 1974), we said in no uncertain terms:

> [O]ne who is familiar with income tax laws and whose gross income exceeds the sum which triggers the filing requirement impliedly misrepresents that income when he willfully elects not to file. There is an element of deceit involved which, coupled with a deliberate election to violate statutes which foundation the economic structure of our government, impels the conclusion respondent has committed an offense involving moral turpitude.

*Id.* at 780. In subsequent cases we have reemphasized that the failure to file income tax returns involves moral turpitude. *See, e.g., Committee on Professional Ethics & Conduct v. McKey*, 343 N.W.2d 489, 490 (Iowa 1984); *Committee on Professional Ethics & Conduct v. Thompson*, 328 N.W.2d 520, 522 (Iowa 1983); *Committee on Professional Ethics & Conduct v. Nordenson*, 284 N.W.2d 233, 234 (Iowa 1979).

▮ Related to respondent's income tax violations was his willful failure to file, within the times required, the statements and questionnaires of the Client Security and Attorney Disciplinary Commission which were due on March 1, 1984 and March 1, 1985. Respondent was required to report on those questionnaires whether he had filed federal and Iowa income tax returns for the years 1982 and 1983. Respondent testified that he intentionally withheld filing those statements until after

he had belatedly filed his income tax returns, remarking that he "didn't want to lie." By failing to file those statements and questionnaires when they were due, however, respondent covered up the fact of his failure to file tax returns just as surely as if he had answered untruthfully. Respondent apparently did not consider other options available to him: filing the income tax returns before answering the questionnaire; or filing a timely questionnaire reporting truthfully that he had not filed; or filing a timely questionnaire but exercising his fifth amendment constitutional right not to answer the questions about filing tax returns. By his actions in failing to file the Client Security statements and questionnaires within the time required by our court rules, respondent committed separate violations which warrant discipline. *See* Iowa Sup.Ct.R. 121.3(i)(7)(providing separate procedure for suspending persons who do not comply with Client Security filings).

The commission has established by a convincing preponderance of the evidence that respondent violated our disciplinary and court rules in each of the respects charged in its complaint. We must determine the appropriate disciplinary sanction by weighing all of the circumstances of this case, then considering "the nature of the alleged violations, the need for deterrence, protection of the public, maintenance of the reputation of the bar as a whole and the respondent's fitness to continue in the practice of law." *Committee on Professional Ethics & Conduct v. Blomker*, 379 N.W.2d 19, 21 (Iowa 1985). Many attorney discipline cases involving failure to file income tax returns have reached our court in recent years, several this year. *See, e.g., Committee on Professional Ethics & Conduct v. Blomker*, 392 N.W.2d 152 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Borchart*, 392 N.W.2d 491 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Jackson*, 391 N.W.2d 699 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Piazza*, 389 N.W.2d 382 (Iowa 1986); *Committee on Profes-*

sional Ethics & Conduct v. Crawford, 351 N.W.2d 530, 531–32 (Iowa 1984) (citing 13 preceding cases in which Iowa lawyers were disciplined for income tax violations). We are firm in our resolve to do away with income tax violations by members of the legal profession. *Committee on Professional Ethics & Conduct v. Jones,* 368 N.W.2d 157, 157 (Iowa 1985). We mete out discipline tailored to the circumstances of each case, giving respectful consideration to the recommendation of the commission and also taking into account our decisions in earlier similar cases.

In this case we also take into account the fact that on July 22, 1986, respondent was publicly reprimanded by the committee as the result of a separate disciplinary proceeding. We may consider that reprimand in deciding what discipline is appropriate in this proceeding. *See Jackson,* 391 N.W.2d at 705 (Iowa 1986).

We commend respondent for performing valuable pro bono services for many indigent clients. We are confident that other lawyers will step in to represent those persons whom respondent may not represent during the period when his license to practice law will be under suspension.

We suspend respondent L.G. Klein's license to practice law in the courts of this state indefinitely, with no possibility of reinstatement for nine months from the date this opinion is filed. The suspension shall apply to all facets of the practice of law. Iowa Sup.Ct.R. 118.12. Upon application for reinstatement respondent shall establish that he has not practiced law during the period of suspension and that he has otherwise complied with those requirements which our rules place upon suspended attorneys.

LICENSE SUSPENDED.

All Justices concur except SCHULTZ, J., who takes no part.