COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF the IOWA STATE BAR ASSOCIATION, Appellee,

v.

**Robert W. MATIAS, Appellant.**

No. 86–1027.

Supreme Court of Iowa.

Dec. 17, 1986.

---

Robert F. Wilson, Cedar Rapids, for appellant.

James E. Gritzner and Kasey W. Kincaid of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., and Hedo M. Zacherle, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, LAVORATO, and NEUMAN, JJ.

LAVORATO, Justice.

In this attorney disciplinary proceeding, the Grievance Commission found that Robert W. Matias knowingly and willfully failed to file his state income tax returns for 1979 and 1980. It also found that Matias knowingly and willfully failed to file his 1981 state income tax return in a timely manner and that he falsely certified in a client security questionnaire to the 1979 filing. The commission recommended a four-month suspension of Matias's license to practice law. We believe, however, Matias's conduct justifies a suspension of six months. See Iowa Sup.Ct.R. 118.10.

Matias admitted that he knowingly and willfully failed to file the returns. He also admitted to the false certification in the client security questionnaire. Matias could give no reason for these actions but did allude to the fact that he had a drinking problem at that time. However, Matias was still able to practice law and felt that he functioned adequately during this period. Moreover, Matias did file his federal tax returns for each of the years in question and paid the taxes.

In 1985 Matias pled guilty in connection with his failure to file the 1979 and 1980 tax returns in violation of Iowa Code sections 422.25(2), 714.8(10), 714.10(1), and 714.11(1) (1981). The district court deferred judgment, imposed probation for two years, and ordered Matias to make restitution to the Iowa Department of Revenue in the amount of $4,285. He has paid all past due taxes, interest and penalties.

The commission correctly concluded Matias's conduct with respect to the returns violated Code of Professional Responsibility for Lawyers DR1–102(A)(1) (violating a disciplinary rule), (4) (engaging in conduct involving dishonesty), (5) (engaging in conduct prejudicial to administration of justice), (6) (engaging in conduct adversely reflecting on fitness to practice law), and EC1–5 (failing to maintain high standards of professional conduct). *See Committee on Professional Ethics & Conduct v. Piazza*, 389 N.W.2d 382, 383 (Iowa 1986). It also correctly concluded Matias violated DR1–102(A)(4) and Iowa Supreme Court Rule 121.4(*b*) and (*c*) in falsely certifying that he had filed the 1979 return. *See Piazza*, 389 N.W.2d at 383.

Although Matias does not dispute the violations, he contends the four-month suspension recommended by the commission is excessive in comparison to disciplinary decisions from other jurisdictions involving similar violations. The short answer to this argument is that disciplinary decisions from other jurisdictions are not binding on us. We look to our own cases for a comparison. In doing so, we note that the recommended four-month suspension is less severe than we have imposed in cases involving conduct arguably less serious than involved here. *See, e.g., Committee on Professional Ethics & Conduct v. Munger*, 375 N.W.2d 248, 252 (Iowa 1985) (failure to file state and federal returns for one year and false certification on one client security questionnaire; six-month suspension); *Committee on Professional Ethics & Conduct v. Vasey*, 373 N.W.2d 146, 147 (Iowa 1985) (failure to file state and federal returns for one year and false certification on one client security questionnaire; one-year suspension); *Committee on Professional Ethics & Conduct v. Dailey*, 372 N.W.2d 246, 248 (Iowa 1985) (failure to file state and federal returns for one year and false certification on one client security questionnaire; one-year suspension).

Moreover, as our previous cases indicate, in ascertaining the appropriate discipline for similar conduct, we have consistently imposed stringent sanctions. We also have said that "we are determined to continue to impose sanctions and, if necessary to end tax violations by members of the profession, to increase the periods of suspension." *Piazza*, 389 N.W.2d at 383 (quoting *Committee on Professional Ethics & Con-*

*duct v. Jones,* 368 N.W.2d 157, 157 (Iowa 1985)).

Finally, Matias proposes that he be required to perform a number of hours of public service in lieu of any period of suspension. In addition, he proposes either reprimand or censure. A similar proposal was made in *Committee on Professional Ethics & Conduct v. Ulstad,* 376 N.W.2d 612, 615 (Iowa 1985) (lawyer suspended because of conviction for fraudulent and false federal tax return). In rejecting the proposal, we said:

> Disciplining a lawyer for dishonesty by merely requiring the lawyer provide free legal services would communicate an improper message. It would inform other lawyers and the public in general that we will permit a lawyer who has committed an act involving fraud to continue to practice law with the act having no adverse effect on his ability to practice.

*Id.* We believe the same reasoning applies here, especially in light of our consistent practice of imposing stringent sanctions in cases of tax violations by lawyers. Accordingly, we decline to accept Matias's proposal.

In 1983 Matias was suspended for two weeks for failure to comply with Iowa Supreme Court Rule 123 concerning continuing legal education. We consider that suspension together with the present violations in determining appropriate discipline. *See Committee on Professional Ethics & Conduct v. Bromwell,* 389 N.W.2d 854, 857 (Iowa 1986).

▮▮▮ We conclude that under the circumstances Matias's license to practice law should be suspended indefinitely with no possibility of reinstatement for six months. This suspension shall apply to all facets of the practice of law. Iowa Sup.Ct.R. 118.12. Upon application for reinstatement, Matias shall have the burden to prove that he has not practiced law during the period of suspension and that he meets the requirements of Iowa Supreme Court Rule 118.13.

LICENSE SUSPENDED.