COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,

v.

Curt L. SYTSMA, Respondent.
(Two Cases)

Nos. 86–1706, 87–322.

Supreme Court of Iowa.

May 13, 1987.

James E. Gritzner and Kasey W. Kincaid of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

Curt L. Sytsma, Des Moines, pro se.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, CARTER, and NEUMAN, JJ.

HARRIS, Justice.

Because they involve the same respondent, these two attorney disciplinary proceedings were consolidated upon submission for our review. One proceeding grows out of the respondent's failure to file federal or state income tax returns for two years. Coupled with the income tax charge is an allegation that respondent failed to cooperate with an investigation into his failure to file. The other proceeding, also a two-count complaint, arises from inattention to a probate matter, followed by the respondent's obdurate refusal to cooperate with the committee's inquiry into the matter. We suspend the respondent's license to practice with no possibility of reinstatement for one year.

The simple facts fit easily within an overworn pattern we have traced in a depressing number of disciplinary cases. Respondent Sytsma's approach to the profession includes a commendable strain of idealism. This characteristic, which is of course the pride of most outstanding lawyers, was in Sytsma's case matched by a spirit of exuberant disorganization which ran amok through his professional affairs. Thus, what should have been the source of strength in his calling, has, for want of essential self-discipline, brought him to these charges.

Sytsma failed to file his 1983 and 1984 United States and Iowa income tax returns. It is significant that he acknowledged the failure in his 1985 combined statement and questionnaire of our client security and dis-

ciplinary commission. But he was a good deal less straightforward when the ethics committee notified him of its complaint; he failed to respond to the notice required by section 3.3 of the rules of procedure of the committee on professional ethics and conduct of the Iowa state bar association.

The second proceeding began with a decedent's estate which was opened by another attorney, August 19, 1983. That attorney withdrew and Sytsma appeared for the estate on February 1, 1984. The affidavit of publication had been filed when Sytsma appeared, but there was no other activity in the estate until November 1, 1985, when the clerk notified Sytsma that the probate inventory had not been filed as required. *See* Iowa Code § 633.361 (1987) (inventory must be filed within ninety days of qualification of personal representative). Sytsma did not respond or react to that notice either.

On January 3, 1986, the clerk reported the delinquency under Iowa Code section 633.32, which requires semiannual reports on delinquent probate inventories and reports. Again there was no response. On February 14, 1986, Sytsma was again notified of the delinquency complaint under ethics committee rules 3.2 and 3.3 and once again failed to respond.

The committee gave notice of the delinquency again, this time by registered mail on June 17, 1986. When Sytsma once more failed to respond or cure the delinquency, he was publicly reprimanded on August 18, 1986.

When later cited before the grievance commission, Sytsma at last attempted to explain his failures in a written response. He said that he began practice

> with the perhaps excessively altruistic motive of being able to provide legal services to individuals who would otherwise not be able to afford them, and, to that end, I established an office with extremely low overhead; since that time, I have operated without a receptionist, without clerical assistance, and without supporting bookkeeping services.

Under the circumstances Sytsma was inundated with work to do, and stated that his

> books have fallen into almost irremediable disrepair; with the assistance of a friend who donated her time and with the further assistance of a work-in-training youth financed by public funds, I was able to reconstruct records for 1979, 1980, 1981, and 1982 during the summer of 1983, and my tax returns were filed at that time.

Sytsma traced the nature of his difficulty this way:

> Over the years, and without quite realizing it, I have become increasingly inattentive to my own financial well-being, and this inattention has been reflected in (1) the vigorous pursuit of cases for clients who could not pay, (2) a failure to bill or collect from clients who could pay, at least in part, and (3) a seeming inability to protect or defend myself, even while I was vigorously protecting or defending others. I now realize that these behaviors were subconsciously self-destructive, although I do not yet understand why such impulses have been a part of me.

It is not for us to trace or fully analyze the depth of Sytsma's baffling immobility in the face of certain professional disaster. *See Committee on Professional Ethics & Conduct v. Jones,* 368 N.W.2d 157, 157 (Iowa 1985) ("considerable turmoil" in law office and pressure of practice was followed by inexplicable failure to file tax returns—license suspended). It is enough to say that the explanation does not qualify as justification for Sytsma's failures. This is not because of any lack of sympathy for Sytsma, but because of our overriding obligation to the public which suffers the same when an attorney's immobility stems from a regrettable affliction as when it stems from indolence.

We are long past the point of any need to justify our policy of suspending attorneys for failing to file income tax returns. *Jones,* 368 N.W.2d at 157 (chance of "severe professional sanction" approaches

"mathematical certainty"). We are pledged to continue the policy.

Sytsma's failures violated EC 1–4, EC 1–5, EC 6–1, EC 6–4, EC 9–1, EC 9–6, DR 1–102(A)(1), DR 1–102(A)(3), DR 1–102(A)(4), DR 1–102(A)(5), DR 1–102(A)(6); DR 7–101(A)(1), DR 7–101(A)(2), DR 7–101(A)(3), Iowa Supreme Court Rule 121.4, and Iowa Code section 602.10122 (1987).

Whatever our sympathies for Sytsma's unfortunate plight, we are obliged to impose appropriate punishment and to require some proof that, before readmission, he has satisfactorily addressed the personal problems he says led to his misconduct.

Sytsma's license to practice law is suspended indefinitely, with no possibility of reinstatement for a period of twelve months. This suspension shall apply to all facets of the practice of law. *See* Iowa Sup.Ct.R. 118.12.

Upon any application for reinstatement Sytsma must establish that he has not practiced law during the period of his suspension and that he has in all other ways complied with the requirements of our rules pertaining to suspended attorneys. He must also establish that he has solved the personal problems which led to his inability to attend to his professional responsibilities.

LICENSE SUSPENDED.