COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Appellee,

v.

**Burns H. DAVISON II, Appellant.**

No. 87–740.

Supreme Court of Iowa.

Oct. 21, 1987.

Frank A. Comito, Des Moines, for appellant.

Mark W. Bennett of Babich, Bennett & Nickerson, Des Moines, for appellee.

McGIVERIN, Chief Justice.

In this attorney disciplinary proceeding involving respondent, Burns H. Davison II, we review the Grievance Commission's findings and recommendations pursuant to Iowa Supreme Court Rule 118.11. After evidentiary hearing of this case which was brought by complainant Committee on Professional Ethics and Conduct, the commission found that the respondent knowingly and willfully failed to timely file both state and federal income tax returns for the years 1981, 1982 and 1984. Additionally, the commission found that he falsely certified compliance with state and federal income tax filing requirements in his 1983, 1984 and 1986 Iowa client security questionnaires. *See* Iowa Sup.Ct.R. 121.4. The commission recommended a six-month suspension of Davison's license to practice law. For reasons explained in division II, we suspend respondent's license for one year.

On appeal, our review is de novo. *See* Iowa Sup.Ct.R. 118.11. We must determine if the complainant has established its charges by a convincing preponderance of the evidence. *Committee on Professional Ethics & Conduct v. Wollenzien,* 342 N.W.2d 490, 490 (Iowa 1984).

·The facts of this case seem all too familiar. Respondent went through a dissolution of marriage in 1982 which he characterized at the commission hearing as a personal and emotional disaster. He admitted in substance to devoting too much time to resolving the property settlement terms of the dissolution decree and too little time to timely filing his tax returns. Despite obtaining income tax filing deadline extensions, his 1981 and 1982 federal and state income tax returns were each filed over a year after the extended due date. After timely filing his 1983 tax returns, respondent again failed to file both his state and federal tax returns for 1984 on time. Davison claimed that difficulty in ascertaining the amount of his state penalties for previous late filings from the Iowa Department of Revenue explained part of his delay. This, however, does not explain why he filed these returns over six months after the expiration of the extended due date granted by the Internal Revenue Service and the Iowa Department of Revenue.

The record shows that Davison did not file or pay any tax on an estimate of income in at least two of the three delinquent years even though he had substantial income tax liability for all three years.

In completing and filing the client security commission questionnaires in 1983, 1984 and 1986, respondent certified that he had filed his state and federal income tax returns for each applicable preceding year. On direct examination, Davison explained that he felt answering "yes" to each question, although wrong, was more appropriate than answering "no" because he had turned over his records and files to a certified public accountant who soon would have his tax returns ready for filing. On cross-examination, he admitted knowing the filing question on the client security questionnaire left a blank after the "no" answer for explanations. He did not explain his failure to make use of the opportunity to give reasons for his late filing.

For the purpose of the evidentiary hearing, Davison stipulated to the late tax return filings and the false answers on the client security questionnaires. Throughout

the hearing, respondent was cooperative with the commission and did not deny his wrongdoing.

■ I. *Mandatory public service.* Based upon these facts, the commission recommended a six-month suspension of Davison's license to practice law. Davison's appeal does not challenge the commission's fact finding. Rather, he asserts that the commission erred in not recommending that a mandatory period of public service be substituted for some or all of the length of the suspension.

We have twice rejected the use of mandatory public service as a disciplinary device, *see Committee on Professional Ethics & Conduct v. Matias,* 397 N.W.2d 514, 516 (Iowa 1986); *Committee on Professional Ethics & Conduct v. Ulstad,* 376 N.W.2d 612, 615 (Iowa 1985), and we do so again here. In *Ulstad* we stated:

> Disciplining a lawyer for dishonesty by merely requiring the lawyer provide free legal services would communicate an improper message. It would inform other lawyers and the public in general that we will permit a lawyer who has committed an act involving fraud to continue to practice law with the act having no adverse effect on his ability to practice.

376 N.W.2d at 615 (quoted in *Matias,* 397 N.W.2d at 516).

We are aware of respondent's argument that mandated public service will help the public by providing needed legal assistance. However, our obligation in disciplining attorneys includes "assuring the public that courts will maintain the ethics of the legal profession." *Ulstad,* 376 N.W.2d at 614; *Committee on Professional Ethics & Conduct v. Wollenzien,* 342 N.W.2d 490, 490 (Iowa 1984). As the complainant committee notes, mandating public service would announce to the public that an attorney who is unfit to practice for clients who can pay is fit to practice for those who cannot. We do not wish to convey that message.

We reject Davison's request to perform public service as an alternative to suspension.

■ II. *Length of suspension.* There can be no doubt that a convincing preponderance of the evidence supports the findings of misconduct by Davison. We hold that respondent's failure to file timely income tax returns violates DR 1–102(A)(1), (4), (5) and (6). *See, e.g., Committee on Professional Ethics & Conduct v. Piazza,* 389 N.W.2d 382, 383 (Iowa 1986); *Committee on Professional Ethics & Conduct v. McKey,* 343 N.W.2d 489, 490 (Iowa 1984). By falsely certifying on his client security questionnaires that he had filed those tax returns, respondent violated DR 1–102(A)(4) and Iowa Supreme Court Rule 121.4(b). *See id.*

We have routinely stated that we give respectful consideration to the commission's findings and recommendations but are not bound by them. *Wollenzien,* 342 N.W.2d at 490. Taking into account Davison's past unblemished record, the commission recommended a six-month suspension. Its recommendation in this case, however, is not commensurate with our past decisions.

Our cases have clearly demonstrated that "we are determined to continue to impose sanctions and, if necessary to end tax violations by members of the profession, to increase the periods of suspension." *Committee on Professional Ethics & Conduct v. Jones,* 368 N.W.2d 157, 157 (Iowa 1985). Davison failed to file timely state and federal income tax returns for three years, no return being filed less than six months late, and falsely certified those filings on the client security questionnaire each year. In determining the discipline to be imposed, while we independently consider the facts of each case, *see Piazza,* 389 N.W.2d at 383, we note the similarity between Davison's violations and those of the respondent attorney in *Wollenzien,* 342 N.W.2d 490 (one-year suspension for failing to file federal and state returns for three years and three false certifications on client security form).

Other cases involving more than one instance of failure to file timely tax returns and making false client security questionnaire certifications are: *Committee on*

*Professional Ethics & Conduct v. McDermott,* 405 N.W.2d 824 (Iowa 1987) (fifteen-month suspension for failure to file state and federal tax returns for four years, three false certifications); *Committee on Professional Ethics & Conduct v. Klein,* 394 N.W.2d 358 (Iowa 1986) (nine-month suspension for late state and federal tax filings in two years, late filing of two questionnaires); *Committee on Professional Ethics & Conduct v. Borchart,* 392 N.W.2d 491 (Iowa 1986) (one-year suspension for failure to file state returns for five years, four false certifications); *Committee on Professional Ethics & Conduct v. Piazza,* 389 N.W.2d 382 (Iowa 1986) (one-year suspension for failure to file state returns for three years, two false certifications); *Committee on Professional Ethics & Conduct v. Jones,* 368 N.W.2d 157 (Iowa 1985) (fifteen-month suspension for failure to file state returns in three calendar years, three false certifications); *Committee on Professional Ethics & Conduct v. McKey,* 343 N.W.2d 489 (Iowa 1984) (twenty-four-month suspension for failure to file state and federal returns in three years, two false certifications; attorney also was currently under suspension for failure to timely file previous client security questionnaire and pay corresponding fee).

Upon our de novo review, we "may impose a lesser or greater sanction than the discipline recommended by the grievance commission." Iowa Sup.Ct.R. 118.10. *See generally Committee on Professional Ethics & Conduct v. Matias,* 397 N.W.2d 514 (Iowa 1986) (recommended four-month suspension increased to six months); *Committee on Professional Ethics & Conduct v. Kelly,* 357 N.W.2d 315 (Iowa 1984) (suspension recommended; license revoked).

Based upon the record made before the Grievance Commission, we suspend respondent's license to practice law in the courts of this state indefinitely without possibility of reinstatement for a period of one year from the date of filing of this opinion and until this court has approved a written application for reinstatement. This suspension shall apply to all facets of the practice of law. *See* Iowa Sup.Ct.R. 118.12. Any application for reinstatement shall be governed by Iowa Supreme Court Rule 118.13. Costs are taxed to Davison pursuant to Iowa Supreme Court Rule 118.22.

LICENSE SUSPENDED.

All Justices concur except LAVORATO and SNELL, JJ., who take no part.