**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Stephen Joseph BELAY, Respondent.**

**No. 87–1577.**

Supreme Court of Iowa.

Feb. 17, 1988.

Kasey W. Kincaid of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

Thomas J. Wilkinson Jr., Cedar Rapids, for respondent.

Considered by SCHULTZ, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

PER CURIAM.

This matter is before the court for final disposition upon the Grievance Commission's recommendation that respondent Stephen Belay's license to practice law be suspended for failure to timely file income tax returns. In accordance with Iowa Supreme Court Rule 118.10, we have reviewed de novo the record made before the commission. Finding the committee's allegations supported by a convincing preponderance of the evidence, and following the pattern of our prior cases, we suspend Belay's license for six months.

I. The complaint filed by the Committee on Professional Ethics and Conduct of the Iowa State Bar Association (committee) charged Belay with knowing and willful failure to timely file his 1984 and 1985 state and federal income tax returns. Belay responded to the committee's request for admissions and confirmed that he filed his 1984 Iowa return in October 1986, eighteen months late. He also admitted that he did not file his 1985 Iowa and 1984 and 1985 federal returns until January 1987.

In 1986, Belay asserted his fifth amendment right against self-incrimination when answering the Client Security Commission questionnaire concerning the timely filing of his 1984 tax returns. It was this response that prompted the investigation which led to the complaint in this matter. In his appearance .before the Grievance Commission, Belay admitted that he knew the deadlines for filing federal and state returns, that he did not seek an extension

of the filing deadlines from state or federal officials, and that his income for the year in question was sufficient to require filing.

Belay's only challenge to the committee's evidence concerned the knowing and willful elements of the charges against him. In response to the committee's allegations, Belay explained that he had no funds to pay the taxes when they were due, and thought it would be better to wait and file when he could pay. This excuse not only causes this court some concern for Belay's minimal understanding of the law of income taxation, it is inconsistent with his alternative assertion that his employer is partly to blame for failure to furnish adequate income data from which Belay could compute his tax liability.

When a lawyer's income exceeds the sum triggering the tax return filing requirement, failure to file a tax return constitutes misrepresentation of that income. *Committee on Professional Ethics & Conduct v. Thompson*, 328 N.W.2d 520, 522 (Iowa 1983). Such misrepresentation is a deceitful offense involving moral turpitude. *Id.; see also Committee on Professional Ethics & Conduct v. Klein*, 394 N.W.2d 358, 360 (Iowa 1986); *Committee on Professional Ethics & Conduct v. McKey*, 343 N.W.2d 489, 490 (Iowa 1984). Based on Belay's admitted knowledge of the filing deadlines and his failure to comply therewith, we concur in the Grievance Commission's conclusion that Belay's conduct violated the following provisions of the Iowa Code of Professional Responsibility for Lawyers: EC 1–5 (a lawyer's violation of the law tends to lessen public confidence in the legal profession) and DR 1–102(A)(1), (4), (5) and (6) (a lawyer shall not violate a disciplinary rule; and shall not engage in illegal conduct involving moral turpitude, dishonesty, deceit or misrepresentation, conduct that is prejudicial to the administration of justice or any other conduct that adversely reflects on fitness to practice law.)

II. Having established the offense, we turn to the appropriate sanction for Belay's misconduct. The Grievance Commission recommended a ninety-day suspension.

While we give respectful consideration to the commission's recommendations, we are not bound by them. *Committee on Professional Ethics & Conduct v. Steele*, 414 N.W.2d 108, 109 (Iowa 1987); *see* Iowa Sup.Ct.R. 118.10. We impose sanctions to deter other lawyers from similar misconduct; to assure the public that we will maintain the ethics of the legal profession; and to appropriately reflect our view of the attorney's fitness to practice law. *Committee on Professional Ethics & Conduct v. Getscher*, 356 N.W.2d 557, 558 (Iowa 1984). We are committed to imposing increasingly severe suspensions if necessary to end tax violations by members of our profession. *Committee on Professional Ethics & Conduct v. Davison*, 414 N.W.2d 97, 99 (Iowa 1987); *Committee on Professional Ethics & Conduct v. Jones*, 368 N.W.2d 157, 157 (Iowa 1985).

Belay urged the Grievance Commission to favorably consider the fact that he had nearly completed payments for the tax liability under all of his late-filed returns. The record is unclear whether this factor affected the commission's recommendation. In prior decisions, this court has refused to mitigate punishment despite full payment of the tax due, observing that payment is "nothing more than required of any citizen." *Committee on Professional Ethics & Conduct v. Sylvester*, 221 N.W.2d 803, 804 (Iowa 1974). Accordingly, we decline to mitigate Belay's punishment for this reason.

Many of our tax violation cases, however, have also involved false certifications on Client Security Commission questionnaires concerning the filing of income tax returns. *See e.g., Committee on Professional Ethics & Conduct v. Summa*, 416 N.W.2d 690, 691 (Iowa 1987) (one-year suspension for failure to file six returns and four false certifications); *Committee on Professional Ethics & Conduct v. Piazza*, 389 N.W.2d 382, 383 (Iowa 1986) (one-year suspension for failure to file state returns for three years and two false certifications while under suspension for other misconduct); *Committee on Professional Ethics & Conduct v. Vasey*, 373 N.W.2d 146, 146–47 (Iowa 1985) (one-year suspension for

failure to file federal and state returns for one year plus one false certification). False certification on these annual questionnaires is a separate ethical violation. *Committee on Professional Ethics & Conduct v. Klein,* 394 N.W.2d 358, 360 (Iowa 1986). Since asserting fifth amendment rights is not false certification, *see Committee on Professional Ethics & Conduct v. McKey,* 343 N.W.2d at 490, Belay did not compound his misrepresentation. Therefore the sanction imposed should logically be less severe.

To his credit, Belay did cooperate fully with the committee and Grievance Commission investigating this matter. Moreover, we have no evidence that while actively engaged in the practice of law he has been guilty of any other ethical violations. At the time of the hearing he was current on his 1986 estimated tax payments. But unlike the respondent in *Committee on Professional Ethics & Conduct v. Cook,* 409 N.W.2d 469, 471 (Iowa 1987) (three-month suspension for failure to file and one false certification), Belay cannot be credited with reporting his misconduct to the committee before the investigation began. Having weighed all of these factors, we conclude that a six-month suspension is not only commensurate with our other decisions in this area but appropriate to the circumstances of this case.

Accordingly, we suspend Steven J. Belay's license to practice law indefinitely, with no possibility of reinstatement for six months from the date of the filing of this opinion. During the period of suspension Belay shall refrain from the practice of law as that term is defined in Iowa Supreme Court Rule 118.12.

It is further ordered that the costs of this action shall be assessed against the respondent in accordance with Iowa Supreme Court Rule 118.22.

LICENSE SUSPENDED.